## SARAH M. BUTLER *vs.* L. M. H. BUTLER and others.

A testator, by the fourth codicil to his will, revoked a certain part of the third codicil, and instead thereof he directed his executors to pay $500 out of one share, or the fourth part of his estate, to the widow of his deceased son, and to pay over the remainder of that share to H., in trust, to invest the same and to pay over to his granddaughter S. the income thereof semi-annually until her eldest child should arrive at the age of twenty-one years; and at that period to divide the fund, as it might then exist, into as many shares as there might then be children of S., and to pay over to each child his or her share, upon their arriving at the age of twenty-one years, respectively. The testator's property consisted of personal estate entirely. On a bill by S. against her husband, and her children who were then living, and against the substituted trustee, claiming that the fourth codicil was void, so far as it limited the remainder in one of the shares to her children; *Held* that the fair construction of the fourth codicil was that the testator referred to the eldest child of S. at the time of making such codicil, as the child upon whose arrival at the age of twenty one, S.'s estate in the income of that fourth of the

Butler *v.* Butler.

testator's property should terminate; and not to the eldest of her children who should attain the age of twenty-one.

*Held also*, that the fourth codicil should be construed as if the testator had directed the trustee to pay the income of the fund to S. until her oldest child, then in existence, or who might be in existence at the testator's death, should arrive at the age of twenty-one years; or until the time when such child would have arrived at the age of twenty-one years if it had lived to attain its majority. And in case such eldest child should live to attain its majority, then that such one-fourth of the estate should be divided into as many shares as there were children of S. then living, and that one share should belong to each child, and should be payable when they respectively arrived at the age of twenty-one; the income in the meantime to be accumulated for the benefit of such of them as were minors.

*Held further* that this contingent remainder to the children of S. was so limited that it must vest in interest, if ever, during the continuance of one life in being at the time of the death of the testator; which time, in a will, is to be deemed the time of the creation of the estate.

And the eldest child of S. who was in esse at the death of the testator, having lived to attain the age of twenty-one years, *Held* that the contingency contemplated by the testator then occurred; and that the children of S. who were then living thereupon became the absolute owners of the whole of the fund in controversy.

In the construction of wills, if the language of the testator is such that it may be construed in two different senses, one of which would render the disposition made of his property illegal and void, and the other would render it valid, the court should give that construction to his language which will make the disposition of his property effectual.

A contingent remainder may be limited on a term of years; provided the nature of the contingency upon which it is limited is such that the remainder must vest in interest, if ever, during the continuance of not more than two lives in being at the time of the creation of such remainder, or upon the termination of not more than two lives then in being.

THIS was an appeal from a decree of the vice chancellor of the second circuit, dismissing the complainant's bill. The object of the bill was to obtain a judicial construction of the will of Thomas Arden deceased; particularly in reference to the third and fourth codicils. By the third codicil the testator directed his executors to pay to the complainant, his granddaughter S. M. Butler, the daughter of his deceased son Tho's Arden, $1000 annually, in quarterly payments, for the term of seven years after the decease of the testator, and on the division of his estate, at the end of that time, to pay over to her one-fourth of his estate as it might then exist, and the other three-fourths to Philip Verplanck, Eliza A. Verplanck, and Sally A.

Butler *v.* Butler.

Miller, equally. On the 2d of April, 1834, the testator made a fourth codicil, by which he revoked so much of the third codicil as directed that upon the division of his estate one-fourth part thereof should be given to the complainant. And instead thereof, he directed his executors to pay $500 of that share to the widow of his said deceased son, and to pay over the remainder thereof to S. A. Halsey, in trust for the following purposes: " to invest the same in a manner deemed the most secure by him, and to pay over to S. Mary Butler the income of the same semi-annually until her eldest child shall arrive at the age of twenty-one years; and at that period to divide the same, as it may exist, into as many shares as there may then exist children of the said S. M. Butler, and to pay over to each child his or her share on arriving at the lawful age of twenty-one years."

The testator died in 1834, leaving a large property, consisting entirely of personal estate; and leaving the complainant and the three other persons named as legatees in the third codicil, who were the children of his deceased daughter, his only next of kin. At the death of the testator the complainant had four children; the eldest of whom was born in May, 1825. The sum set off for the share of the complainant and her children, and placed in the hands of the trustee and invested according to the direction contained in the fourth codicil, was about $43,000.

In November, 1843, the complainant filed her bill in this cause against her husband and her six children who were then living, and against the New-York Life Insurance and Trust Company, the substituted trustee of the fund; claiming that the fourth codicil was void so far as it limited the remainder in that share to her children. Her husband was insolvent. The bill was taken as confessed against the husband and the trustees, and the infants appeared and put in answers by their guardians ad litem. The vice chancellor decided that the limitation over to the children of the complainant who should be in esse when the eldest arrived at the age of twenty-one, was valid in case that event should happen; but that if the eldest child should die under the age of twenty-one, the limitation over would fail.

· He decided, however, that even if the limitation over was invalid, or should fail by the death of the eldest child under the age of twenty-one, the third codicil, which gave the one-fourth of the estate of the testator to the complainant, at the end of seven years from his death, was effectually revoked by the fourth codicil, and that the bill must therefore· be dismissed as to the children of the complainant. He made a decree accordingly, and the complainant appealed from that decree to the chancellor.

The following opinion was delivered by the vice chancellor:

C. H. RUGGLES, V. C. The intention of the testator in the fourth codicil of his will, is perfectly apparent. It is as plain as language can make it. Whether it might not have been better to give the fund, or the income of it, to Mrs. Butler during her life, than to give it directly to the children, is a question with which the court has nothing to do. It cannot make a will for the testator. It is bound to carry the testator's intention into effect, if it can be done without violating the rules of law. Assuming that the legacy to the children of Mrs. Butler is contingent and not vested—and so I think it undoubtedly is—the only question is, whether the absolute ownership of the fund was illegally suspended, by that clause in the codicil which postpones the division and payment to the legatees until the eldest child of Mrs. Butler shall arrive at the age of twenty-one years. This is alleged to be a suspension of the power of alienation for an absolute term of twelve years or thereabouts; the oldest child of Mrs. Butler being at the death of the testator about nine years of age. The complainant alleges that the suspension of the absolute ownership of the fund is illegal according to the cases of *Coster* v. *Lorillard*, (14 *Wend.* 265;) *Hawley* v. *James*, (16 *Id.* 61,) and *Hone's Ex'rs* v. *Van Schaick*, (20 *Id.* 566.) The soundness of the complainant's argument depends, I think, on another and previous question, to wit, whether the absolute ownership is suspended during the entire term of twelve years without regard to the life of Eliza the oldest child of Mrs. Butler; or whether it does not depend

on her life.   What will become of the ownership in case Eliza should die under the age of twenty-one?   The complainant's counsel insist that the period of the division of the fund among the children of Mrs. Butler is postponed until the second or some younger child shall have attained that age.   But that is not the language of the will.   Eliza was the oldest child, and was living at the time the will was made.   It is to be presumed that the testator knew her, because she was his grandchild, and one of the objects of his bounty; and in describing her as the oldest child of Mrs. Butler she is designated with as much certainty as if she had been named in the will.   The testator meant that the fund should be divided when she came to be of full age.   And if she should die before she arrives at that age, the case of *Batsford* v. *Kebbell*, (2 *Ves. jun.* 362,) is a strong authority to show that the legacy to all the children must fail; not because the absolute ownership of the fund is illegally suspended, but because the contingency upon which their title depends can never happen.   There is no gift to the children of Mrs. Butler, except in the direction to divide and pay over to them; and the division and payment is to be made only when Eliza becomes twenty-one years of age, and among the children only who may then be living.   This, in my opinion, being the true construction of the will, the absolute ownership depends on Eliza's life.   If she lives until she attains full age, the legacy will vest in her and the other children then existing, and there will be no longer any suspension of ownership.   If she dies under that age, the legacy to the children must fail; and in that event the ownership becomes absolute.

It is not necessary to determine, on this bill, who will, in that case, become entitled.   But I do not perceive how Mrs. Butler, the complainant, can take it by force of the third codicil.   The bequest to her which is contained therein is expressly revoked by the fourth codicil.   Part of the fund bequeathed to Mrs. Butler by the third codicil, by the fourth is given to Mrs. Arden, and the income of the residue is given to Mrs. Butler until her oldest child becomes of age.   The legacy to the children, by the fourth codicil, is only a part of what was given to their

mother by the third.    And I do not perceive how the failure of
that legacy can revive the bequest contained in the third codi
cil; which was expressly revoked by the fourth.

*H. W. Warner*, for the appellant.    The limitation to the
children by the fourth codicil is contingent.    And the contin-
gency of ' the eldest child' coming of age, is not to be restricted
to Eliza, but may be satisfied by that event happening to any
child within the terms of the description.    There is therefore a
possible suspension of the ownership during the continuance of
more lives than the statute allows.    And the fourth codicil fail-
ing for illegality, its revocation of the third codicil is a nullity.

*W. H. Bell*, for the respondents.    The fourth codicil does
not bring the case within the statute prohibiting perpetuities.
(2 *R. S.* 718, §§ 13 *to* 16.    *Id.* 761, §§ 1, 2.    *Bulkley* v. *De-
peyster*, 26 *Wend.* 25.    *Patterson* v. *Ellis, ex'r*, 11 *Idem*, 259,
265.    *Kane* v. *Gott*, 24 *Id.* 661, 2, 3.)    For the devise to the
children vested in the children who were in esse at the death
of the testator; distribution being only postponed until the old-
est child then living should have arrived at the age of twenty-
one years.    (*Hayward* v. *Whitty*, 1 *Burr.* 228, 232, 233, 234.)
Where an absolute property is given, and a particular interest
given in the mean time, as until the devisee shall arrive of age,
&c. " and when &c." " then to him, &c." the rule is that it shall
not operate as a condition precedent; but as a description of the
time when the remainderman is to take possession.    (*Moore* v.
*Lyons*, 25 *Wend.* 134.    *Edwards* v. *Symons*, 6 *Taunt.* 213.
*Hone's ex'rs* v. *Van Schaick*, 20 *Wend.* 567.    *Bogert* v. *Her
tell*, 4 *Hill*, 500, 503.)

THE CHANCELLOR.    The fair construction of the fourth
codicil is, that the testator referred, therein, to the eldest child
of the complainant at the time of making such codicil, as the
one upon whose arrival at the age of twenty-one, the com-
plainant's estate or income in the profits of that fourth of the
testator's property should terminate; and not the eldest child

which she might have who should attain the age of twenty-one. For in the last case the power of alienation might be suspended for more than two lives in being at the death of the testator, before the contingency would happen by which the estate in remainder would vest in interest. And in the construction of wills, if the language of the testator is such that it may be construed in two different senses, one of which would render the disposition made of his property illegal and. void, and the other would render it valid, the court should give that construction to his language which will make the disposition of his property effectual.(a) In this case, therefore, the fourth codicil should be construed as if the testator had directed the trustee to pay the income of the fund to the complainant until her oldest child then in existence, or who should be in existence at his death, should arrive at the age of twenty-one years, or until the time when such child would arrive at the age of twenty-one years, if she lived to attain her majority; and in case such eldest child lived to attain her majority, then that this one-fourth of the estate should be divided into as many shares as there were children of the complainant then living, and that one share should belong to each, payable when they respectively arrived at the age of twenty-one; the income in the meantime to be accumulated for the benefit of such of them as were minors. This would give to each child living when the oldest, in existence at the death of the testator, arrived at the age of twenty-one, an absolute interest in his or her share; and would be perfectly consistent with the language which the testator has actually used in his will.

It is true the remainder to the children is a contingent remainder, and is limited on a term of years. For the estate of the mother in the income of. the fund, which is to endure until the time when her eldest child Eliza Butler will attain the age of twenty-one, if she lives so long, is an estate in the fund for a term of years; that is, for the term of twelve years, or a little less, from the death of the testator. But a contingent remain

(a) *Mason* v. *Jones*, 2 *Barb. Sup. Court Rep.* 244.

der may be limited upon a term of years, provided the nature of the contingency on which it is limited is such that the remainder must vest in interest, if ever, during the continuance of not more than two lives in being at the time of the creation of such remainder, or at the termination of not more than two lives thus in being. (1 *R. S.* 724, § 20.) Here the contingent remainder is so limited that it must vest in interest, if ever, during the continuance of one life in being at the death of the testator; which, in a will, is to be deemed the time of the creation of the estate. For the contingent remainder, to the eldest child of Mrs. Butler at the death of the testator, and to the other children who are to share in the ultimate remainder in fee of this fourth of the testator's estate upon the happening of the contingency contemplated by him in his will, is so limited that it must take effect, if ever, during the continuance of the life of such eldest child. The absolute ownership of the fund, therefore, could not be suspended by this contingent limitation, beyond the continuance of two lives in being at the death of the testator. For, if the giving of the rents and profits to the complainant until her eldest child should attain the age of twenty-one years, would have the effect to suspend the absolute ownership of the property beyond her own life and the life of the eldest child, in case such eldest child died before arriving at the age of twenty-one years, the limitation to the complainant, instead of the contingent limitation to her children, would be the void limitation.

It is understood that Eliza, the eldest child of the complainant who was in esse at the death of the testator, actually lived to attain the age of twenty-one years in May, 1846. If so, the contingency contemplated by the testator then occurred; and the children of the complainant who were then living became the absolute owners of the whole of the fund in controversy, upon the happening of that event. It is therefore unnecessary to inquire who would have been entitled if Eliza Butler had died under the age of twenty-one. It is sufficient to say, none of the respondents in this case had any interest in that question when the bill in this cause was filed. Nor were the proper

parties before the court to authorize a decree giving a con-struction of the will in reference to such a contingency.

There was, therefore, no error in the decree of the vice chancellor; and it must be affirmed, with costs.