NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—May, 1883.

GERSEN v. RINTELN.

*In the matter of the judicial settlement of the account
of AUGUST RINTELN, and another, executors of, and
trustees under the will of MICHAEL GERHARD, de-
ceased.*

Testator, who died in 1872, leaving a widow and five children, by his
will, provided :  (1) "My executors shall have charge of my prop-
erty, manage the same, receive all income thereof, pay all taxes,"
etc., "and shall give" one third of the net surplus to my wife,—the
other two thirds to be equally divided among the children ; (2) at
the majority of the youngest child "my property shall be divided"
equally among the children, and the issue, if any, of such as may
have died before that event,—the widow, if living, to have a share
corresponding to her right of dower, and all the provisions for the lat-
ter being declared to be in lieu of dower.    The youngest child, C., died
an infant of tender years, in 1878.    Testator's realty consisted of one
tenement house, which could not be advantageously partitioned.
Upon a judicial settlement of the executor's account, in 1883,—
*Held*, that

1. The will conferred a power of sale of the realty, which the executors
   must be deemed to have already exercised, thereby converting the
   whole estate into money.
2. That C.'s brothers and sisters took no part of her share under the will,
   but that the same must be paid to her personal representative, for
   distribution as personal property under the statute.

CONSTRUCTION of decedent's will upon judicial settlement of account of executors thereof and trustees thereunder.   Frederica Gersen, late decedent's widow, appeared individually and as administratrix of the estate of Caroline Gerhard, deceased.   The facts appear sufficiently in the opinion.

R. H. CHANNING, *for trustees.*

MAX BRILL, *for Mrs. Gersen.*

WILLIAM A. KEELER, *for special guardian.*

THE SURROGATE.—The will of the testator contained the following provisions among others:  "My executors shall have charge of my property, manage the same, receive all income thereof, pay all taxes and other necessary expenses for repairs, insurance, etc., and, after deducting all expenses, shall give of the surplus, one third part to my wife, for her sole and separate use, and two third parts thereof to my children, to be divided between them in equal shares, the shares of the minors to be used by their guardians for their support and education."

"After my youngest child has arrived at the age of twenty-one years, my property shall be divided between my children in equal shares; the share of such of them as may have died before that time leaving lawful issue to go to such issue, and if my said wife is living at that time, she shall receive a portion corresponding with her right of dower.   Stipulations hereinbefore made in favor of my wife are intended to be in lieu of all her dower rights, and other claims whatsoever, she may have against me or my estate."

By virtue of the foregoing provisions of the testator's will, it seems to me that, under the decisions of the courts of this State, the executors, upon their qualification as such, became trustees of an express trust, in whom the whole estate vested at once, so to remain until the youngest child should become of age, or should die, being yet in his minority (see Morse v. Morse, *85 N. Y., 53;* Vernon v. Vernon, *53 N. Y., 351;* Thomson v. Thomson, *55 How. Pr., 494;* Leggett v. Perkins, *2 N. Y., 297;* Tobias v. Ketchum, *32 N. Y., 319*).

At the death of this testator, in 1872, he left a widow and five children, of whom Caroline the youngest was a babe. Caroline died in 1878. The trust estate then became extinguished (Burke v. Valentine, *52 Barb., 426;* Muller v. Struppman, *6 Abb. N. C., 350;* Butler Butler, *3 Barb. Ch., 310*).

What became of Caroline's interest? Did it pass to her legal representatives, or to her surviving brothers and sisters as a class, or can it be justly claimed, as is contended by one of the counsel in this proceeding, that the widow is now, by virtue of the statutes of descent, entitled to a portion thereof as realty?

1st. I hold, with the referee, that the five children of the testator became seized at his death of a vested remainder in his estate, and that, accordingly, Caroline's brothers and sisters take *under the will* no larger share in that estate by reason of her death (Livingston v. Greene, *52 N. Y., 118;* Lyons v. Mahan, *1 Dem., 180,* and cases cited).

2nd. Is any part of Caroline's interest distributable as realty?

As I read the will, it was the testator's purpose that the executors should sell his real estate upon the death or coming of age of Caroline, and should make immediate division of the proceeds.

The power of sale, though not positively and explicitly conferred, is nevertheless inferentially conferred by those provisions of the will which have been already quoted.

The real estate consists of a single tenement house, and probably could not be partitioned without serious impairment of its value. This may well have occurred to the mind of the testator, and, as his language may be fairly construed as conferring the power of sale, it should, in view of the circumstances, be accorded that interpretation (Hetzel v. Barber, *6 Hun, 540;* Morse v. Morse, *85 N. Y., 59*).

For the purposes of distribution, this power of sale must be deemed to have been already exercised, and to have resulted in converting the whole estate into money.

3rd. It follows, therefore, that, after setting apart for the testator's widow one third of the proceeds, for yielding her a life income, one fifth of the remaining two thirds, (together with certain sums which have been erroneously paid by the executors to Caroline's surviving brothers and sisters) must be paid to her personal representative, for distribution under the statute, and the remaining eight fifteenths (less the sums so erroneously paid) to the four surviving children of the testator.

4th. The referee's report is confirmed, with the modifications above indicated.