Collin v. Collin.

## D. and N. S. Collin, executors, &c. *vs.* Collin and others.

Where the testator, by his will, disposed of his residuary estate as follows: "I give and bequeath all the rest and residue of my personal estate to all my grandchildren, to be distributed among and paid to them, share and share alike, by my executors in manner and form following: to be vested in good securities bearing interest, and to be paid to them severally as they arrive at the age of twenty-one years in equal shares; estimating the whole amount of such residue of my personal estate at the time of each payment, and thus making an equal distribution of the same among such grandchildren"; and the testator died leaving twenty-three grandchildren, seven of whom were born subsequent to the making of the will; and the testator also left five children, who survived him, and who were living at the time of the filing of the complainants' bill, but none of them had any children born subsequent to the death of the testator; and where at the date of the will, some of the grandchildren were over twenty-one years of age, and others arrived at that age previous to the death of the testator: *Held*, that the proper construction of the residuary clause of the will, was that all the grandchildren of the testator who were in esse at the time of his death, or their legal representatives, and no others, were entitled to share in the residuary estate.

*Held also*, that in order to limit the bequest, in such a case, to those who answered the description of grandchildren of the testator at the time of the making of his will, and to exclude those who answered the description at the time of his death, there must be something in the will itself to show that he meant to confine his

Collin *v.* Collin.

bounty to those who were in esse at the date of the will. For, the will being am-
bulatory until his death, the legal presumption is that he intended to include all
who should answer the description at that time.

*Held further*, that as to the shares of the grandchildren who were of age at the time
of making the will, and of those who were of age at the death of the testator, he
contemplated the distribution thereof immediately upon his death. And the di-
rection in the will that all of the class shall take equal shares of the residuary estate,
necessarily excluded those persons, if any there should be, who were not in esse at
the period appointed for the first distribution, viz. the time of the testator's death.
And that the testator intended that the shares of those who were not then of age should
be accumulated, for their benefit, until the next of them became of age; at which
time a new distribution should take place; and so on, until the whole fund was dis-
tributed among the grandchildren who were in esse at his death.

The general rule is that, in a will of personal estate, the testator is presumed to
speak in reference to the time of his death; and not in reference to any previous
or subsequent period. A bequest to the children of A. B., as a class, will include
all his children in esse at the death of the testator; including children begotten at
that time though born afterwards.

It is also a general rule, that where an estate is to be distributed among a class at
the death of the testator, those who are in esse at that time, and no others, are enti-
tled to share in the distribution. But where the distribution is to be made among
a class, at the death of a particular person, or upon a contingency which may hap-
pen at any time subsequent to the death of the testator, all who answer the
description of the class at the time appointed for distribution will be entitled to share
in the fund.

Where the language of a will indicates a present bequest of the fund, which is to
be distributed at a period subsequent to the death of the testator, those who are
in esse at the time of his death will take vested interests in the fund, but subject
to open and let in others who may come into being, so as to answer the description
and belong to the class at the time appointed for the distribution.

But where a fund bequeathed to a class is to be divided equally, among the persons
composing it, when they arrive at the age of twenty-one or marriage, only those
who shall have been born or begotten when the eldest arrives at the age of twenty-
one, or when the first of the class is married, is entitled to share in the fund.

THE bill in this cause was filed by the executors of D. Collin,
deceased, to obtain a judicial construction of his will, and for direc-
tions for the distribution of his estate among his residuary lega-
tees, under the following clause of his will :

"Eighthly : I give and bequeath all the rest and residue of
my personal estate to all my grandchildren, to be distributed
among and paid to them, share and share alike, by my executors,
in manner and form following; to be vested in good securities

bearing interest, and to be paid to them severally as they arrive at the age of twenty-one years in equal shares; estimating the whole amount of such residue of my personal estate at the time of each payment, and thus making an equal distribution of the same among such grandchildren."

At the time of the death of the testator, in June, 1844, he had twenty-three grandchildren living; seven of whom were born subsequent to the making of the will in 1837. And at the time of his death he had five children who survived him, and who were still living at the time of filing the bill in this cause, more than a year subsequent to his death; but none of them had any children born subsequent to the death of the testator. At the date of the testator's will, three of his grandchildren were over twenty-one years old, and five others arrived at that age previous to his death. The other fifteen were infants, and appeared and put in their answers by their guardian ad litem.

The testator left a very large residuary personal estate; and some of the grandchildren who were born previous to the date of the will, claimed that none of those who were born after that time were entitled to share in the distribution of such estate. Others, of the grandchildren who were born after the making of the will, claimed that all who were in esse at the time of the death of the testator, were entitled to share equally in the residuary estate; but that no grandchildren who might be born at any subsequent time, would have a right to share therein. The executors, however, stated in their bill that some counsel had advised them that grandchildren born at any time after the death of the testator, would be entitled to distributive shares of his residuary estate.

*J. G. Forbes*, for the complainants. Unless there is something in the terms of the will clearly showing a contrary intention, it is a general and well settled rule, that a will of personal property relates to the time of the death of the testator, both as to the legatees and the subjects of the bequests mentioned in the will. (*See Van Vechten* v. *Van Vechten,* 8 *Paige's Rep.* 116.) Indeed, it would seem impossible to give effect to the

clearly expressed and unequivocal intention of the testator, in regard to the equality of the shares among the grandchildren, by extending this clause beyond his death, in favor of afterborn grandchildren. It is declared, in explicit terms, that the shares are to be equal, and that each grandchild is to have his, or her, proportion on arriving at the age of 21 years. And with a view to preserve this equality throughout, to each of the legatees, the whole amount should be estimated at the time of each payment. Now it is obvious that this equality cannot be preserved by extending it to those grandchildren who may be born after each payment. Those who first arrive at the age of 21 years, will receive a larger proportion than the subsequent ones, in case of other children being born in the intermediate period; and these proportions will be constantly diminishing by the recurrence of the birth of others, until, perhaps, the portions of the last will be relatively nominal. The intentions of the testator, when clearly expressed, are to be carried into effect. In this clause the testator has plainly expressed his wishes, that each share should be equal. And such wishes would be frustrated by giving any extension to legatees who may be born after the death of the testator. In case of distribution to any one of the grandchildren on arriving at the age of 21 years, of a part, which would be greater than an equal share by the birth of other grandchildren—some provision should exist by way of compelling repayment of the excess. But nothing of this kind can be found in our statutes, or elsewhere. It is possible that when a grandchild was not actually born at the death of the testator, but was begotten, or, as it is expressed in law, was "*in ventre sa mere*" at the testator's death, such child would be entitled to its share of the estate. This case was so decided in *Smart* v. *King*, (1 *Meigs' Rep.* 149,) and also in *Smith* v. *Deffield*, (5 *Serg. & Rawle*, 38.) These decisions rest upon the equitable principles of the Roman law, which declares that infants, while as yet in their mothers' wombs, are considered as already brought into the world—whenever the question relates to any thing that may turn to their advantage. It is clear, that the 8th clause cannot be carried beyond this point, and perhaps

no case of birth of a posthumous child occurred within the usual period after the death of the testator.

*J. R. Lawrence*, for defendants. It would seem by the fore-part of the residuary clause of this will, that the testator intended each grandchild to have an equal sum; for he says, "to be distributed share and share alike." But this clearly could not be done; inasmuch as each was to be paid as the devisee became of age, and the fund might, and probably would, increase to the amount of the interest; for it was "to be vested in good securities bearing interest;" or it might diminish by a failure of the securities. The testator therefore proceeds to give the form of the distribution; and he says, "to be paid to them in equal shares, estimating the whole amount of such residue of my personal estate at the time of each payment, and thus making an equal distribution of the same among such grandchildren." I submit that the testator intended the distribution to be made thus :—suppose (and such was the fact) that eight of his twenty-three grandchildren were of age at the time of his death, and the amount of the residue of the estate to be divided under this clause of the will was estimated by the executors at $46,000, or $2000 apiece. These eight grandchildren would then be entitled to $2000 each, and the remainder ($30,000,) the executors would invest in good securities bearing interest until another grandchild became of age. Then, that the executors should estimate the whole amount of such residue, including the increase by way of interest, or deducting for any loss, as the case might be, and paying to the one newly arrived at the age of twenty-one years, one fifteenth part thereof, i. e. his share in the $30,000 remaining after payment of those who had previously become of age and had been paid off; and so on, as fast as the grandchildren became of age. Now, although this would not pay an equal sum to each, yet it is contended this is what the testator intended by the words "thus making an equal distribution." Surely the youngest grandchildren should be entitled to the interest accruing on their portions, occasioned by the postponement of their payments. Otherwise it would be an exceedingly

Collin *v.* Collin.

unequal distribution. Then again, it may well happen that those who are first paid may get more than their share, should there afterwards be a loss on the securities, or a fall in the stocks in which it might be invested; and in that case I know of no principle of law, by which they could be made to restore; for at the time they were paid, they were paid only their proportion of the estate as it then was. But the chance is equal, perhaps, for the estate to gain : and to adopt any other construction would render it impossible to carry out the will. And this raises another question. If the court do not see that it is possible to carry out the will, is it not void? And in that case are not all the grandchildren excluded, and does not the estate go to the children of the testator?

Supposing the above is the true construction of the will in respect to the manner of distribution ; the next question is, does the will refer only to all the grandchildren born at the date of the will, or does it refer to all his grandchildren living at the time of his death? This court has decided in the case of *Van Vechten* v. *Van Vechten*, (8 *Paige*, 104,) that it is a general rule that in a will of personal estate, the testator is presumed to speak with reference to the time of his death ; unless there is something in the nature of the property or thing bequeathed, or in the language used by the testator in making the bequest thereof, to show that he intended to confine his gift to the property or subject of the bequest as it existed at the time of making the will. I do not perceive any thing in the will, in this case, to take it out of this general rule. But there may be doubt, perhaps, whether the bequest does not reach grandchildren born after the death of the testator and before the time comes for a division. Suppose none of the grandchildren were of age at the death of the testator; and before any of them arrived at the age of 21 years, other grandchildren are born ; are they to be excluded? In other words, does not the will refer to all his grandchildren living at the time fixed for distribution? Those born after the testator's death are the grandchildren of the testator, as much as those born before. And we can hardly suppose that the testator intended, by the words "I give all the rest and resi-

due of my personal estate to all my grandchildren," to exclude any of them in being at the time fixed for distribution among all his grandchildren. It is true, that a distribution is to be made as they become of age, share and share alike; and this would undoubtedly authorize the executors to pay to one becoming of age, in proportion to the number of grandchildren then in being. But if by the time of a second distribution, others should be born, the amount would then be in proportion to the whole number then in being. In the case of *Ballard* v. *Ballard*, (1 *Pick.* 41,) a testator devised to his sons, for the term of ten years after his decease, the improvement and income of his farm; and to his grandchildren, the sons and daughters of his said sons and daughters, after the expiration of ten years from his decease, the said farm, &c. to have and to hold to them and their heirs. It was held that this gave a vested remainder to the grandchildren living at the testator's death, subject to open and let in all born afterwards. See also *Annable* v. *Patch*, (3 *Pick.* 360,) where it was held that when a devise of real and personal estate is made to the testator's daughter and the children of her body, the daughter and the children living at the testator's death, take in common a qualified fee, which will open to let in after-born children, who take by way of executory devise. (*See also* 1 *Pick.* 147.) These cases show that all the grandchildren living at the testator's death, in this case, took in equal portions, subject to open and let in all born afterwards. And if so, those who have arrived at the age of 21 years, and been paid, cannot be compelled to contribute to the payment to grandchildren afterwards born.

THE CHANCELLOR. The proper construction of the residuary clause of this will is, that all the grandchildren of the testator who were in esse at the time of the death of the testator, or their legal representatives, and no others, are entitled to share in his residuary estate.

The general rule is, that in a will of personal estate, the testator is presumed to speak in reference to the time of his death; and not to any previous or subsequent period. A bequest to the

children of A. B., as a class, will, therefore, embrace all his children in esse at the time of the death of the testator; including children begotten at that time though born afterwards. (*Rawlins* v. *Rawlins*, 2 *Cox's Cas.* 425. *Doe* v. *Clark*, 2 *Hen. Bl. Rep.* 399. 2 *Ves. jun.* 673; *S. C.*). To limit the bequest in this case to those who answered the description of grandchildren of the testator at the time of the making of his will, and exclude those who answered the description at the time of his death, there must be something in the will itself to show that he meant to confine his bounty to those who were in esse at the date of the will. For, the will being ambulatory until his death, the legal presumption is, that he intended to include all who should answer the description at that time.

Again; the general rule is, that where the estate is to be distributed among a class, at the death of the testator, those who are in esse at that time, and no others, are entitled to share in the distribution. But where the distribution is to be made among a class, at the death of a particular person, or upon a contingency, or at any other time subsequent to the death of the testator, all who answer the description at the time appointed for the distribution, will be entitled to share in the fund. (*Gilmore* v. *Severn*, 1 *Bro. C. C.* 582. *Prelsford* v. *Hunter*, 3 *Idem*, 416. *Ellison* v. *Airey*, 1 *Ves. sen.* 111.) And where the language of the will indicates a present bequest of a fund which is to be distributed at a period subsequent to the death of the testator, those who are in esse at the time of his death will take vested interests in the fund; but subject to open and let in others who may come into being, so as to answer the description and belong to the class, at the time appointed for the distribution.

It has however repeatedly been decided that where a fund, bequeathed to a class, is to be divided equally among the persons composing the class when they arrive at the age of twenty-one or marriage, only those who shall have been born or begotten when the eldest arrives at the age of twenty-one, or when the first of the class is married, is entitled to share in the fund. (*Andrews* v. *Partington*, 3 *Bro. C. C.* 401. *Prescott* v. *Long*, 2 *Ves.*

*jun.* 689. *Hoste* v. *Pratt*, 3 *Idem*, 730. *Whitbread* v. *Lord St. John*, 10 *Idem*, 152. *Gilbert* v. *Boorman*, 11 *Idem*, 238.)

In the case under consideration, eight of the grandchildren were of age at the death of the testator ; and three of them at the time of making his will. He therefore contemplated the distribution of the shares of those grandchildren immediately upon his death. And as he directs that all of the class shall take equal shares of the residuary fund, he necessarily excludes those, if any there shall be, who were not in esse at the time appointed for the first distribution ; which in this case was the time of his death. The shares of those who were not then of age are to be accumulated, for their benefit, until the next becomes of age ; and then a new distribution is to take place, and so on, until the whole fund is distributed. In this way an equal distribution of the fund will be made among such grandchildren ; those who take upon the death of the testator getting their shares immediately, and those whose payments are deferred, receiving the accumulated interest during the suspension of payment ; so as to produce perfect equality among all of the twenty-three grandchildren who are entitled to share in the distribution of the fund. For, the legacies being vested at the death of the testator, if any of the legatees die before the time arrives for the payment of their shares, their repre sentatives will be entitled to the same.

Again ; it would be impossible to carry into effect the intention of the testator, in reference to the accumulation of the interest for the grandchildren, during their respective minorities, upon any other construction of the will. For, by the provisions of the revised statutes, accumulations of interest or income cannot be made except for the benefit of infants who are in esse at the time the accumulation is directed to commence. (1 *R. S.* 773, §§ 3, 4.)

A decree must therefore be entered, declaring the construction of the residuary clause of the will to be, that all of the grandchildren who were in esse at the death of the testator, and no others, are entitled to share in the residue of his personal estate ; and directing the complainants immediately to distribute to each of the grandchildren who is now of the age of twenty-one, the

one twenty-third part of such residuary estate, with the accumu- lations thereon since the death of the testator; and that they distribute to each of the grandchildren, as they arrive at the age of twenty-one years respectively, or to their representatives, the one twenty-third part of such residuary estate, and the accumulations thereon up to the time of such first distribution which is now to take place, with their respective shares of all future ac- cumulations, according to the directions of the will. And any of the parties interested are to be at liberty to apply, from time to time, for further directions to carry this decree into full effect.

The costs of the complainants, and of the guardian ad litem of the infant defendants, up to and including this decree, are to be paid by the executors, out of such residuary estate, before dis- tribution. And the costs of any future applications which may hereafter be made, are to abide the further order of the court.