JAMES PARRISH & others *vs.* B. J. GROOMES & others.

April Term, 1874.

WILL—CONSTRUCTION—CLASS DOCTRINE.—By the English common law the vesting of legacies and devises is favored, and a will speaks as of the death of the testator unless it disclose a clear intention to the contrary, and, consequently, in gifts to a class the general rule is that the class must be ascertained at the death of the testator.

SAME.—In this state, it is an exception to the general rule, that, when the devise is to a fluctuating class, and the time of distribution is fixed at a subsequent period, or on the happening of a future event, the class must be ascertained at the latter date, unless the will disclose a contrary intent.

CASE IN JUDGMENT.—Where, therefore, the will gave the property to the testator's wife for life, and at her death " to be distributed equally between my lawful heirs," those persons were held entitled to take the property in equal shares who, at the death of the wife, would have taken the testator's realty had he then died intestate.

*T. L. Dodd,* for complainants.
*John Ruhm,* for defendants.

THE CHANCELLOR :—This case has been submitted to me to have a construction of the will of Jesse Parrish. I suggest to the learned counsel that the case is not ready for hearing because there is no evidence before the court of the existence of the will set out in the bill. The defendants who answer do not admit it to be as charged, nor would the admission if made be evidence against non-resident or infant defendants. There should be filed a certified copy of the will. There ought, also, to be some proof of, and perhaps some more definite allegations in the pleadings of who were the heirs of the testator at his death, the facts being, as the bill is now drafted, left too much to inference.

The clause of the will as set out in the bill, of which a construction is sought, is as follows:

" I bequeath to my wife Martha C. Parrish all of my real estate, goods and chattels, that I now possess, during her natural life. I bequeath to my wife Martha C. Parrish $2,000 of my property to be disposed of as she may think proper. The balance of my property at my wife's decease to be distributed equally between my lawful heirs."

The testator died in 1854, and his widow in July, 1873. The question arising on this clause is whether the heirs at the testator's death, or his heirs at the death of the widow are the persons entitled in remainder. The pleadings and proof are not entirely clear as to who were the heirs at the first date. At the death of the widow the heirs are stated in the bill to be a surviving brother of the testator, and the descendants of deceased brothers and sisters. The bill also states that the testator left him surviving another brother named Benjamin, who died in 1860 intestate and without ever having married, having, however, adopted a daughter in due form of law, and this daughter is made a defendant. It further states that the testator had, also, another brother named Woodson who died before him, leaving a child. This child died in 1865 without ever marrying. His mother, the widow of Woodson Parrish, subsequently married, and had two daughters who are made parties.

The clause quoted must be construed not upon the rules of construction of similar clauses adopted by the English courts, and the courts of the Union which have followed the English precedents, but upon the decisions of our own supreme court. It is well settled in England that the law favors the vesting of legacies, and that the will speaks as of the death of the testator unless there is a clear intention disclosed in the will itself to the contrary. 1 Jar. on Wills, 726; 2 Id. 76; *Poor* v. *Considine*, 6 Wall. 458, 475, and cases there cited. The general rule is, that in gifts to a class, the class must be ascertained at the death of the testator. Of this we have an extreme instance in *Dimond* v. *Bostick*,

a decision of Malins, V. C., affirmed by the Lords Justices on appeal, reported 23 W. R. 554, and cited 2 Cent. L. J. 483. There the testatrix bequeathed the residue of her estate to " all the nephews and nieces in the first degree of relationship to my late husband, who were living at the time of his decease." The husband had at his death nine such nephews and nieces, two of whom died during the life of the testatrix, one before and one after the date of her will. It was held, that the words " living at the time of his decease " were insufficient to take the case out of the general rule, and those who survived the testatrix took the whole. A devise to a parent for life, and afterwards to his or her children, creates a vested remainder in the children living at the testator's death, which opens to let in after-born children ; and if there is no child living at the testator's death, creates an executory devise which vests in the children as they come into being. *Goodwyn* v. *Goodwyn*, 1 Ves. 226 ; *Leake* v. *Robinson*, 2 Mer. 382 ; *Adams* v. *Roberts*, 25 Beav. 658 ; *Bullock* v. *Downs*, 9 H. L. 1 ; *Collin* v. *Collin*, 1 Barb. Ch. 630. And the same rules apply if the devise over be to the children of a third person. *Devisme* v. *Devisme*, 1 Bro. C. C. 537 ; *Parkham* v. *Gregory*, 4 Hare, 396. In theory, these principles are also recognized by our courts to be correct. *Bridgewater* v. *Gordon*, 2 Sneed, 5 ; *Puryear* v. *Edmondson*, 4 Heisk. 43. But our decisions have made an exception to these rules in precisely such devises as the one now under consideration. It has been held, that, when a bequest is made to a class of persons, subject to fluctuations by increase or diminution in numbers in consequence of future births and deaths, and the time of payment or distribution of the fund is fixed at a subsequent period, or on the happening of a future event, the entire interest vests in such persons only as at that time fall within the description of persons constituting such class ; and this in the absence of anything in the will showing such to have been the intention of the testator except the mere fact that the time of distribution is thus postponed. *Satterfield* v. *Mayes*, 11 Hum.

58.   In other words, in this class of devises, the common law rule is reversed, and a mere postponement of the time of distribution will prevent the vesting of a legacy in the individual legatees of the class, unless the testator express an intention to the contrary.   The difficulty of reconciling these decisions with those which hold the legacies to vest at the testator's death, although the period of distribution is postponed to another date, has been repeatedly recognized. *McMillan* v. *McClung*, 1 Heisk. 655 ; *Puryear* v. *Edmondson*, 4 Heisk. 43.   But the decisions have not been overruled, nor has any principle been enunciated for the guidance of inferior courts.   Each case is left, according to the learned judge who delivers the opinion in the case last cited, "to depend upon what seems to be the intention of the testator as indicated by the language used."   In other words, instead of having a general rule to govern in all cases in which a clear intent to the contrary is not indicated, each case must stand upon its own wording, and fall into one or other of the lines of decision according as its language approximates nearest to the language of the previous cases—all being equally good law.

If, then, the language of this will brings it within any one of the former decisions, my duty is to follow the precedent. Upon examination I find that the language of this will is, in substance, identical with the language of the will in *Beasley* v. *Jenkins*, 2 Head, 191.   In both cases the time of distribution is postponed until the death of the devisee for life. The words of this will, then, are : "To be distributed equally between my lawful heirs."   The words of that will were : "To be equally divided between all my brothers' and sisters' children."   If brothers' and sisters' children constitute a class, *a fortiori* "heirs" would be a class.   And if there is any difference between " distributed equally " and " equally divided," I am not able to see it.

The decision in *Beasley* v. *Jenkins*, is that the fund vests in the described class, as a class, as it exists at the time fixed for distribution.   And the same decision must be made in this case.

The heirs who take under this view are the persons who, at the death of the widow, would have taken the testator's realty if he had then died intestate. This will exclude the adopted daughter of Benjamin Parrish and the half sisters of Woodson Parrish's son; for, whatever might be the inheritable rights of the former in the estate of her father by adoption, and of the latter in the estate of their half brother by the mother, neither is an heir of the testator, and the father by adoption in the one case, and the half brother in the other, never acquired any interest in the testator's estate to pass by inheritance from them.

But the persons who are heirs under this will, as above explained, do not take the property as they would under the statutes of descent and distributions. For, in that view, the children and grandchildren of brothers and sisters would take the realty *per stirpes.* The words of the will are: "To be distributed *equally* between my lawful heirs." All the authorities agree that, under such a devise, the persons who answer the description of the class take *per capita* equal shares. *Puryear* v. *Edmondson,* 4 Heisk. 43, and cases cited. The share of the surviving brother of the testator will, therefore, be no more than the share of a son or grandson of a deceased brother or sister.

I think it sufficiently appears that a sale is necessary for a partition. There should be a reference to the master to ascertain and report the heirs entitled under this opinion. The costs will be paid out of the property sold. No decree must be entered until a certified copy of the will is filed, and found to correspond with the language of the bill.