MALTBY G. LANE, TRUSTEE, ETC., RESPONDENT, *v.* ARCH-
IBALD THOMPSON BROWN AND S. AMELIA BROWN,
APPELLANTS, IMPLEADED WITH ELIZA BERRIAN, RE-
SPONDENT.

*Estate, when vested — when children take as tenants in common and not as joint tenants.*

A testator, by his will, provided: "I direct my executors to pay the one equal half of the net income of the residue of my estate to my sister Margaret E. Campbell during her life; and, at her death, to pay the one-quarter of the principal of such residue to such person as she may have appointed to receive the same, and in default of such appointment, to such person or persons as would be entitled thereto by law as her heirs or next of kin, and that they apply the other equal half of said net income to the support, maintenance and education of the family of my nephew, Archibald T. Brown, during his life, *and that another quarter of the principal of said residue shall be paid to the children of my said nephew, Archibald T. Brown, upon the death of my sister Margaret.*" Archibald T. Brown had three children living at the time of the testator's death, two of whom died in the life-time of Margaret E. Campbell.

*Held,* that the children of Archibald T. Brown took vested estates in remainder in the one-quarter of the said residue, upon the death of the testator, and that the representatives of the deceased children were entitled to their shares therein on the death of Margaret E. Campbell.

That the said children took as tenants in common, and not as joint tenants.

APPEAL from a judgment of the Special Term, construing the eighth clause of the will of Adam Thompson, deceased. The said eighth clause was in the following words:

"Eight. I direct my said executors to pay the one equal half

of the net income of the residue of my estate to my sister Margaret E. Campbell during her life, and at her death to pay the one-quarter of the principal of such residue to such person as she may have appointed to receive the same ; and in default of such appointment, to such person or persons as would be entitled thereto by law as her heirs or next of kin, and that they apply the other equal half of said net income to the support, maintenance and education of the family of my nephew Archibald T. Brown during his life, *and that another quarter of the principal of said residue shall be paid to the children of my said nephew Archibald T. Brown, upon the death of my sister Margaret ;* and at the death of said Archibald, I direct the other half of said residue of my said estate to be paid to all his children then living and the descendants of those who may have died, they taking the share of their deceased parent, subject to a payment to be made to Elizabeth, the wife of said Archibald, if she shall survive him, of four hundred dollars a year, while she remains his widow, and no longer."

The question in controversy arises out of the language italicised. Archibald T. Brown had three children living at the death of the testator. Of these, two died before the decease of Margaret E. Campbell, intestate and without issue. The legal representatives of the deceased children claim each one-third of the one-quarter of the residue. Mrs. Berrian, the surviving child, claims the whole one-quarter. The Special Term adopted her view of the case, and decreed accordingly. From such decree the representatives of the deceased children appealed.

*Francis Larkin,* for the appellant, S. Amelia Brown. The one-quarter of the residue vested in the three children of Archibald T. Brown at the death of the testator. (2 R. S. [6th ed.], 1101, § 13; 47 Barb., 309; 49 id., 56; 1 Hun, 354; 8 Bosw., 480; 4 N. Y. S. C. R. [T. &. C.], 82; 18 N. Y., 418; 6 id., 360; 31 Barb., 562; 28 id., 367; 5 id., 101; 2 id., 248; 40 id., 495; 52 N. Y., 118, 123; 24 id., 9, 16; 41 id., 81; 1 Lans., 366; 2 R. S. [6th ed.], 1167, § 2; 13 N. Y., 273; 28 Barb., 145, 193; 25 id., 136; 10 id., 388; 4 Paige, 342; 1 S. Ch., 342; 18 How. Pr., 54; 7 Paige, 230, 534; 3 Barb. Ch., 93; 35 N. Y., 371; 4 Hun,

291, 408; 43 N. Y., 382; 4 Lans., 239; 5 id., 167; 2 R. S. [6th ed.], 1104, § 44; 9 Abb. Pr. [N. S.], 446; 3 Hun, 519; 4 id., 289.)

*J. W. Gerard,* for the appellant, A. T. Brown. At the death of the testator the children of A. T. Brown took vested estates in remainder; and, on the death of any of them before Mrs. Campbell's life estate terminated, their shares passed to their heirs or personal representatives. (*Harman* v. *Osborn,* 4 Paige, 336; *Moore* v. *Little,* 41 N. Y., 66; *Doe* v. *Provost,* 4 Johns., 60; *Livingston* v. *Green,* 6 Lans., 50; *Stowell* v. *Graves,* 2 N. Y. Sup. Ct., 211; *McKinstry* v. *Saunders,* 2 id., 181 and 186, citing *Manice* v. *Manice,* 43 id., 368; *Embury* v. *Sheldon,* 68 id., 228; *Smith* v. *Scholtz,* 68 id., 42; *Conkling* v. *Conckling,* 3 Sand. Ch., 64; *Rogers* v. *Rogers,* 3 Wend., 505; *Van White* v. *Bloodgood,* 1 Brad., 154; *Sheriden* v. *Haus,* 4 Abb. Ct. App. Dec., 218; *Barker* v. *Wood,* 1 Sand., 129; *Livingston* v. *Green,* 52 N. Y., 118; *Williamson* v. *Field,* 2 Sand., 533.)

*E. T. Snelling,* for the respondent Eliza Berrian. Mrs. Berrian, the sole survivor of her class, takes the entire moiety of the said fund. (*Milbank* v. *Crane,* 25 How., 193; *Putnam* v. *Putnam,* 4 Brad., 308; *Gardner* v. *Printup,* 2 Barb., 83; *Webster* v. *Webster,* 2 P.Wms., 347; *Scott* v. *Bargeman,* 2 id., 68; *Barnes* v. *Allen,* 1 Bro. C. C., 167 [* 181]; *Lady Shore* v. *Billingsly,* 1 Ver., 482; *Willing* v. *Baine,* 3 P.Wms., 115; *Kings* v. *Luffkin,* 1 Dicks. Rep., 392; *White* v. *Baker,* 6 Jur. [N. S.], 591; *Bulefind* v. *Record,* 2 Sim., 354.) Those who compose the class are to be ascertained at the expiration of the intermediate estate. (*Wessinger* v. *Hunt,* 9 Rich. Eq. [S. C.], 459; *Bateman* v. *Gray,* Law Rep., 6 Eq., 215; *Collin* v. *Collin,* 1 Barb. Ch., 630; see opinion of Chancellor at p. 637; *Lovett* v. *Buloid,* 3 Barb. Ch., 137; *Milbank* v. *Crane,*. 25 How., 193; *Gimblett* v. *Purton,* Law Rep., 12 Eq., 427; *Hawkins* v. *Everett,* 5 Jones' Eq., 42.) The bequest being to a "class, no estate vested until the time of payment," *i. e.,* the death of testator's sister, Margaret Campbell. (*Warner* v. *Durant,* Ct. of App., January, 1879; 19 Alb. L. Jour., 279; *Drake* v. *Pell,* 3 Edw. Ch., 251; *Andrews* v. *Partington,* 3 Bro. C. C., 401; *Ellison* v. *Airey,*

1 Ves. Sen., 111; *Bateman* v. *Gray*, Law Rep., 6 Eq., 215; *Gimblett* v. *Purton*, id., 12 Eq., 427; *Remnant* v. *Hood*, 6 Jur. [N. S.], 1173; *Chevaux* v. *Aislabie*, 13 Sim., 71; *Sansbury* v. *Read*, 12 Ves., 75.) The legal estate was in the executors and trustees until the expiration of the estate for life. (*Drake* v. *Pell*, 3 Edw. Chy., 251; see Vice Chancellor's Dec., p. 267.) When legacies are given to two or more persons in undivided shares, as " to the children of," the legatees will take as joint tenants, there being no words of severance. (*Putnam* v. *Putnam*, 4 Brad., 309; *Morley* v. *Bird*, 3 Ves., 628; *Sutton* v. *Torre*, 6 Jur., 234; *De Witte* v. *De Witte*, 11 Sim., 41.)

*James N. Platt*, for the plaintiff, respondent.

BARRETT, J. :

We have no doubt that one-quarter of the residue of the estate vested in the children of Archibald T. Brown upon the death of the testator.

The statute declares that future estates are vested where there is a person in being who would have an immediate right to the possession of the lands upon the ceasing of the intermediate or precedent estate. (2 R. S. [Banks' 6th ed.], 1101, § 13.) That is precisely this case. The children of Archibald T. Brown were " persons in being," entitled to immediate possession upon the death of Margaret E. Campbell. The same rule applies to limitations of future estates in personal property. (2 R. S. [Banks' 6th ed.], 1167, § 2.) This is not affected by the form of the devise. The direction to trustees to pay over the principal, upon the death of Margaret E. Campbell, was a sufficient devise of the property, and vested it in the children. (*Manice* v. *Manice*, 43 N. Y., 378; *Gilman* v. *Reddington*, 24 id., 11.)

It is claimed, upon behalf of Mrs. Berrian, that as the devise was to a class, no estate vested until the death of Margaret E. Campbell. The cases do not support this contention. It is true, as was said by the chancellor, in *Collin* v. *Collin* (1 Barb. Ch., 637), that where an estate is to be distributed among a class, *at the death of the testator*, those who are *in esse* at that time, and no others, are entitled to share. But, even in that case, if the

class consist of the children of a particular person, those begotten at the time, but born afterwards, are included. The reason of the rule is, that members of the class antecedently dying are not actual objects of the testator's bounty.

Thus, in *Magaw* v. *Field* (48 N. Y., 668), it was held that, where one Gerritsen devised a piece of land to the children of Magaw, the two (out of seven living when the will was executed) surviving, at the death of the testator, took the whole estate.

This was undoubtedly the state of things contemplated by Mr. Justice ALLEN, when, in *Milbank* v. *Crane* (25 How. P. R., 199), he speaks of property given to the children of A., vesting in any one answering the description, without regard to previous deaths. His language is a quotation from Jarman, who is simply giving the reason why such legacies do not lapse because of the death of a member or members of the class (less than all) during the testator's life-time. (2 Jarman, 295.)

Where the distribution is *not* to be made at the death of the testator, but subsequently upon the death of a particular person, all who *then* answer the description will be entitled to share. This, however, does not postpone the vesting of the future estate, nor prevent its taking effect at the death of the testator. It is only another mode of stating the doctrine that the remainder, though vested, is subject to be opened to let in after-born children.

Mr. Justice ALLEN's decision (*ubi supra*) will be found to be entirely in harmony with these well-settled principles, when it is noted that there the bequest was to the children of the testator " *living at the decease* of the widow, and *the surviving children* of such of them as might then be dead " (page 198). It was upon this provision that the learned judge based the remark that it was " apparent, from the tenor of the will, that the persons who were to take under this clause of the will *were to be ascertained at the time of the death of the widow,* and that only those who were *then living,* and answered the description of the will, could take under it." Nor should this matter of the vesting of future estates or interests be confounded with questions regarding specific legacies. Whether these latter vest in *presenti,* though payable *in futuro,* depends, of course, upon the particular phraseology of

the will and the intention of the testator. (*Warner* v. *Durant,* 76 N. Y., 133.) What is relevant to the present discussion is the effect *of the statute* upon the language employed, and as to that there can be no doubt under the authorities; nor can there be any doubt as to the intention, derived from the entire will.

The remaining point made by the learned counsel for Mrs. Berrian is that the Brown children took as joint tenants and not as tenants in common. This also is answered by the statute (2 R. S. [Banks' 6th ed.], p. 1104, § 44), clearly so as to real estate. As to the personalty, we agree with GILBERT, J., in *Blanchard* v. *Blanchard* (4 Hun, 289), that the remark of Surrogate BRADFORD in *Putnam* v. *Putnam* (4 Bradf., 309) was too broad.

With a single exception, the statute applies to personalty the same rules as it has prescribed with respect to limitations of future or contingent estates in land. RAPALLO, J., in *Manice* v. *Manice* (*ubi supra,* p. 382), says, that the statute clearly indicates an intention, on the part of the Legislature, "that in all respects, other than the suspension of ownership, limitations of future interests in personalty should be governed by the same rules as estates in lands."

In *Graff* v. *Bonnett* (31 N. Y., 13), HOGEBOOM, J., declared that, "it has been held in several cases that the statute, which provides that limitations of future or contingent interests in personal property, shall be subject to the statutory rules prescribed in relation to future estates in land was, in effect, a legislative application of the same *principles* and *policy to both classes of property.*" This language was quoted and approved in *Campbell* v. *Foster* (35 N. Y., 372).

Kent (vol. 2, p. 351), says, "that in legacies of chattels, the courts at one time leaned against any construction tending to support a joint tenancy in them, and testators were presumed to have intended to confer legacies in the most advantageous manner." He then proceeds to call attention to certain English cases (*Campbell* v. *Campbell,* 4 Bro., 15; *Morley* v. *Bird,* 3 Ves., 628; *Crooke* v. *De Vandes,* 9 id., 197; *Jackson* v. *Jackson,* id., 591), where a different rule was laid down. It must be considered that the tendency of English institutions was towards the consolidation of interests and the perpetuation of estates, while the leaning with us is in favor of subdivision and separate enjoyment.

It will be found that the cases in this country of legacies of chattels, treated as held in joint tenancy, were, where as in *Putnam* v. *Putnam* (*ubi supra*), the legacy was to two or more persons *named in the will*, and the general language excluded the idea of a severance. In the great majority of the cases this is so, even in England.

In the will now under consideration, the idea of severance runs throughout, and the thought of survivorship, incident to joint tenancy, is plainly excluded.

The judgment of the Special Term must be reversed, with costs to the appellants, to be paid out of the fund, and a judgment entered in accordance with the views expressed in this opinion, with costs to each of the parties in the court below to be paid out of the fund.

DAVIS, P. J., and BRADY, J., concurred.

Order reversed, with costs to the appellants to be paid out of the fund; judgment ordered in accordance with opinion.