Doubleday *v.* Newton.

---

## DOUBLEDAY and wife *vs.* NEWTON and others.

A testator, by the sixth, seventh and eighth clauses of his will, which was dated November 30, 1826, devised as follows: " *Sixth.* I give and bequeath all the rest and residue of my real and personal estate, after payment of my dobts, wherever the same may be situated, to the children of my said daughters, Lydia Ann and Maria, to be equally divided between them as they respectively arrive at the age of 21 years. *Seventh.* I give to my executors the possession, management, control and disposition of my real and personal estate last mentioned, bequeathed and devised to the children of my said daughters as sixthly above mentioned, with power to lease the real ostate in such manner as my executors may think proper during the minority of my said children. *Eighth.* I authorize and require my executors, from time to time, to make such advances of money or property to my said daughters, or either of them, for their comfortable support, and for the education of their said children, as their circumstances may from time to time require and as to my executors may seem discreet; and payment made to my said daughters, and their receipts for money or property shall be good discharges for my executors therefor."

By a codicil, executed January 28, 1831, reciting that by his will he had not given his executors power to sell his real estate, and that he had thought it proper to supply that and some other defects and omissions in his will, and to make some other additions thereto, the testator gave unto his executors full power to sell, dispose of, and convey certain real estate therein particularly described, at discretion, in fee or otherwise, &c. " the income arising from sales to be put out at interest, except such parts as my executors may need for the purposes mentioned in my last will, and to be equally divided among the children of my said daughters, according to the disposition made in my said will."

The testator died February 17, 1831. His daughters had each three children living at the time of his death, and after his death one of such daughters gave birth to three other children. All the grandchildren were still alive. In an action for the partition of a part of the real estate which was not authorized to be sold by the executors;

*Held,* 1. That the will vested in the devisees a present estate in fee in the premises in question.

2. That there was neither in fact nor in law any suspension of division.

3. That if there was a suspension of division, such suspension did not prevent alienation, nor avoid the will.

4. That if the second part of the sixth clause in the will was void, it could be separated from the other, and the valid part be permitted to stand.

5. That the estate, under the will, vested immediately on the death of the testator, and that only those grandchildren in being at his death took an interest in the estate.

6. That the validity of the sixth clause of the will, so far as the land sought to to be partitioned was concerned, was not affected by the validity or invalidity of any other clause of the will or codicil. BOCKES, J. dissented.

THIS was an action originally commenced in the county court of Washington county, for the partition of two farms. The parties claimed under the will of Thomas Bradshaw deceased. The will bore date November 30, 1826, and contained ten clauses, with a codicil annexed, dated January 28, 1831. The only parts of the will material in the consideration of this case are the 6th, 7th and 8th clauses. They are as follows : "*Sixth.* I give and bequeath all the rest and residue of my real and personal estate, after payment of my debts, wherever the same may be situated, to the children of my said daughters Lydia Ann and Maria, to be equally divided between them as they respectively arrive at the age of 21 years. *Seventh.* I give to my executors the possession, management, control and disposition of my real and personal estate last mentioned, bequeathed and devised to the children of my said daughters as sixthly above mentioned, with power to lease the real estate, in such manner as my executors may think proper, during the minority of my said children. *Eighth.* I authorize and require my executors, from time to time to make such advances of money or property to my said daughters, or either of them, for their comfortable support, and for the education of their said children, as their circumstances may from time to time require, and as to my executors may seem discreet, and payments made to my said daughters, and their receipts

for money or property shall be good discharges for my executors therefor."

The codicil, so far as material, was as follows: "Whereas I, Thomas Bradshaw, having made my last will and testament, within and above contained, and therein having authorized my executors to take charge of my real estate, but have given them no power to sell the same, and thinking that circumstances may render it expedient that particular parts of my real estate should be sold, I have thought it proper to supply that and some other defects and omissions in my will, and to make some other additions thereto. Now by this writing, which I declare to be a codicil to my said will, and desire and direct to be taken as a part of my said will, I give unto my said executors full power to sell, dispose of and convey, all, or any part of the following part of my real estate, at discretion, in fee or otherwise, and in such wise and by such agreements, terms and credit as they may judge proper," &c. (giving a description of the property, but not including the farms now in question,) " the income arising from sales to be put out at interest, except such parts as my executors may need for the purposes mentioned in my last will, and to be equally divided among the children of my said daughters according to the disposition in their favor made in my said will."

The testator died February 17, 1831. His daughters had each three children living at the time of his death. Those six grandchildren were all over 21 years of age at the commencement of this action. Since the testator's death one of his daughters has given birth to three other children, who are now living. The county court made a decree for the partition of the land in question among the children in being at the death of the testator. From that decree the defendants appealed to this court.

*U. G. Paris* and *C. Crary*, for the appellants. I. The judgment of the court below defeats the intent of the testator. It is a well settled rule that when the intent of the tes-

tator can be ascertained, it shall be carried into effect, unless that intent is clearly in conflict with well settled rules of law. (*Converse* v. *Kellogg*, 7 *Barb.* 590. 1 *Sandf. Ch.* 439. *Hoxie* v. *Hoxie*, 7 *Paige*, 187.) From the whole will it pretty clearly appears that the intent of the testator was first, to provide for the comfortable support and maintenance of his daughters during their lives, according to *their respective necessities;* and for the education and support of their families, whether large or small; and second, that any balance remaining in the hands of the executors, arising from the sale of any property, and not necessary to carry out the trust, should be divided equally among the children of said daughters, *per capita.* It is contended that the law will not permit such disposition of the estate, and that therefore some other construction must be had, or the provisions of the will be so modified as to make it conform to the law. The county court has adopted the latter mode of interpretation, and stricken out, as void, all the provisions of the will which *most clearly* point out the intent of the testator. Strike from the sixth clause the words "*As they respectively arrive to the age of twenty-one years,*" said to be void, and give to the remainder of that clause the construction put upon it by the court below, and the seventh and eighth clauses of the will, and the codicil, are mere surplusage. For the purpose of arriving at the intent of the testator, the whole will must be read and construed together, those parts which are void as well as those which are valid. None of the language used is susceptible of a double meaning. The language must be taken in its ordinary sense, and the validity of the devise must be determined from a reading of the whole will, without reference to future contingencies. (*Tayloe* v. *Gould,* 10 *Barb,* 400.) The court cannot strike out particular sentences and clauses of the will for the purpose of making other portions or paragraphs conform to the rules of law. (*Hawley* v. *James,* 16 *Wend.* 172. 11 *Barb.* 315, 329. *See also the authorities cited under second point.*)

II. The devise of all the rest and residue of the testator's estate, under the sixth clause of the will, to the children of his daughters, to be divided between them as they respectively arrive at the age of 21 years, was void, absolutely and wholly void, and incapable of amendment. The absolute power of alienation was suspended for a longer period than two lives in being at the creation of the estate. (1 *R. S.* 723, § 15, 133; *4th ed.*) It was void in its creation. (*Id.* § 14.) Its provisions are such that a statute may be violated by their execution, and it is therefore void *in toto*, and the estate descends to the heirs at law. This view of the case is sustained by all the authorities referred to by the court below to prove that the direction in this clause, postponing the division, was void. The doctrine here contended for was settled in the case of *Hawley* v. *James*, (16 *Wend.* 61,) by the court of last resort, and there is no conflict of authority on the point since that case. If void at all, it is void in its creation and *in toto*. (*Id.* 222. *De Barante* v. *Gott*, 6 *Barb.* 292, 502. *Tayloe* v. *Gould*, 10 *id.* 388.) This case recognizes and approves the doctrine of *Hawley* v. *James*. (*Van Vechten* v. *Van Veghten and others*, 8 *Paige*, 104, 121. *Thompson* v. *Carmichael's Ex'rs*, 1 *Sandf. Ch. Rep.* 387. *Field* v. *Field's Ex'rs*, 4 *id.* 529. *Jennings* v. *Jennings*, 5 *Sandf. S. C. Rep.* 174; *affirmed in Court of Appeals*. *Boynton* v. *Hoyt*, 1 *Denio*, 53, 57, 58.) The case of *Converse* v. *Kellogg*, (7 *Barb.* 590,) is not in point. It has no authority to support it. It is not a well considered case. The testator gave his property the same direction which the law gave it. He barely postponed the division ten years after the death of his wife. Now so far as that particular case is concerned, it was wholly immaterial whether the court declared the direction postponing the division void, or the entire devise void. In either case the heirs at law take the absolute fee in possession. There was no conflict of interest in that case. The bequest was direct, absolute and unconditional. It depends upon six minorities, or six lives in being at the decease of the testator, and no lives are specified.

III. By the eighth clause of the will a valid trust is created for the purposes specified therein, and that trust is valid, whether the whole or only a part of the sixth clause be treated as void. The testator, by the eighth clause of his will, authorizes his "executors from time to time to make such advances of money or property to my said daughters, *or either of them*, for their comfortable support, and for the education of their said children, *as their circumstances may from time to time require*, and as to my executors may *seem discreet*, and payments made to my said daughters and their receipts for money or property shall be good discharges for my executors therefor." By the codicil he authorizes the sale of certain premises and the application of the avails to the purposes and objects mentioned in the eighth clause of the will. Thus not only a good trust is created, but a valid devise is made of the interest and income of the estate, and of such part of the principal as the "executors may need for the purposes mentioned" in said eighth clause. And this trust, it is clear, the testator intended should continue during the lives of his daughters.

IV. The decision of the county court is erroneous, and should be reversed, because, First. The court erred in assuming as the basis of its decision, and the foundation of all argument, that "the sixth clause of the testator's will devised, in legal effect, the premises in question to the children of his daughters, Lydia Ann and Maria, to be equally divided between them at his decease." The court has neither the right nor the *power to* change the language of the testator, or to pervert its meaning to make a doubtful devise valid, or to conform one part of the will to another. The will of the testator declares that the property shall "be equally divided between them as they respectively arrive to the age of twenty-one years." It would be just as easy by the adoption of this rule of pruning and trimming, and interpolation, to make the other provisions of this will conform to the rules of law, as the sixth clause. If a new will is to be made it should be made to conform as nearly as may be to the wish of the tes-

tator, as gathered from this, as the law will permit. But the authorities cited under our second point show conclusively that this entire sixth clause is void. Second. The direction postponing the division of the estate is part and portion of the devise itself, and cannot in any way be separated from it, and expunged as surplusage. By such a process any and every void devise might be cured. The courts have repeatedly held that that cannot be done. (*Hawley* v. *James*, 16 *Wend.* 172, *and other authorities cited above.*) Third. The court below also erred in decreeing and declaring that the seventh clause of the will, creating a trust to hold the estate and manage and lease the same during the minority of the devisees, was also void. By adopting the rule of the county court and striking from the seventh clause of the will the words "*during the minority of said children,*" and inserting the words, "*during the lives of my said daughters,*" the court can make this clause conform to the rules of law, and be consistent with the other portions of the will and codicil, and carry out the intent of the testator ; simply striking out the words, "*during the minority of said children,*" would, perhaps, have the same effect. But the court have the same power to insert as to strike out. Besides, it is the duty of the court to give effect to the latter devise, if but one can be sustained. (12 *Wend.* 665.) Fourth. It was clearly the intent of the testator to let in after-born children. The comfortable support and maintenance of the daughters and the education of their children, without regard to the number of children either might have, so long as said daughters should live, was the primary and leading object of the will, as it seems to have been the chief solicitude of the testator ; and no construction should be given to the will which will defeat that intention, if it can be avoided. By the eighth clause of the will the executors are to make advances of money or property to "*said daughters or either of them,*" not equally but as their circumstances shall from time to time require and as to said executors may seem discreet. There is no intima-

tion any where in the will that the testator intended that the estate should be equally divided between the families of his two daughters. The reasonable and fair presumption, if presumptions are to be indulged, is, that his grandchildren were all equally dear to him, and that he intended to treat them all alike, whether born of one daughter or the other. If the testator had intended what the court below has decreed and determined, he could not well have used language better calculated to conceal that intent. Fifth. It was the intent of the testator to let in after-born children, and if that intent as expressed, contributes to invalidate the devise under the sixth clause, an additional reason is furnished for declaring the whole of that clause void. For if the clear intent of the testator, as expressed in the will, cannot be carried out, then the court should not speculate as to what he might have deemed the next best disposition of his estate, and make a new will for him, but leave the law to make that disposition. The will is to be looked at without, as well as with, reference to the codicil.

*Hughes & Northup*, for the plaintiffs. I. The testator executed the codicil to his will since the revised statutes went into effect. The will must therefore be construed by the provisions of the revised statutes. (8 *Paige*, 295. 26 *Wend.* 21. 3 *Barb. S. C. R.* 85.)

II. The sixth clause of the will devised to the children of the testator's two daughters, the premises in question. The devisees took a present vested estate in fee. (*Converse* v. *Kellogg*, 7 *Barb.* 590. *Hoxie* v. *Hoxie*, 7 *Paige*, 187.) The direction for the division when the devisees respectively arrived at age, was void, because it by possibility suspended the power of alienation for more than two lives in being at the death of the testator. (*Hawley* v. *James*, 16 *Wend.* 120. *Jennings* v. *Jennings*, 5 *Sandf.* 174, *affirmed in Court of Appeals, December*, 1851. *Harris* v. *Clark*, 3 *Seld.* 242.) The invalidity of the directions for the division does not affect the devise. This is substantially the same provision, as to

the division, as in *Converse* v. *Kellogg*, and the court there say, page 595, "And in this case the bequest and the directions for distribution are distinct provisions, having no necessary connection with each other. The one can stand without the other, and the general intention of the testator, in the disposal of his estate, can be carried into effect, although his direction to delay the final division should be illegal and consequently in-valid in whole or in part." (*Irving* v. *De Kay*, 9 *Paige*, 521. *McDonald* v. *Walgrove*, 1 *Sandf. Ch. Rep.* 274. *See also Harris* v. *Clark*, 3 *Seld.* 251; *Lang* v. *Ropke*, 5 *Sandf.* 363, 371.) The children of the two daughters of the testa-tor, born after his decease, do not take under the devise. That construction would have suspended still longer the power of alienation. (*Harris* v. *Clark*, *supra*.) Had the testator in-tended the after-born children to take under the will, he would have postponed the division until the death of the daughters. It would have been impossible to divide the property as the children arrived at the age of 21, if after-born children were included, as children were born after the oldest child became 21. The rule is well settled that upon a devise to children, those born when the estate vests, and those only, take under the devise. Courts are bound to construe a will so as to make it legal if possible; and consequently to reject a con-struction which would render it illegal. (2 *Barb. S. C. R.* 230, 244. 3 *Burr.* 16, 26. 3 *Barb. Ch.* 304. 7 *Paige*, 163. 1 *Sandf. Ch. Rep.* 274.)

III. The trust created by the 7th clause of the will, giv-ing the executors the possession and power to lease the prem-ises, was void as suspending the power of alienation for a longer period than is allowed by law. (*Harris* v. *Clark*, 3 *Seld.* 242. *Jennings* v. *Jennings*, 5 *Sand.* 174. 16 *Wend.* 120.) It was also void as being repugnant to the devise to the children. (7 *Paige*, 192. *McDonald* v. *Walgrove*, 1 *Sandf. Ch. R.* 274. *Schermerhorn* v. *Negus*, 1 *Denio*, 448.)

IV. The 8th clause in the will has no application to the premises in question. The codicil provides the means of

making the advances required by the 8th clause; that is by moneys arising from the sale of real estate mentioned in the codicil. The testator by his codicil prohibited a sale of the premises in question; but directed the sale of other lands, and the application of the proceeds, so far as required by the will, and the balance to be divided among the children according to the disposition in their favor in the will.

V. The judgment should be affirmed, or the appeal dismissed with costs. There is no exception to the decision of the county judge, either as to the facts or the law.

JAMES, J. The will under consideration was made and executed before the revised statutes, but the codicil was made, and the death of the testator took place subsequently; so that the will must be construed according to the law as it stands since those statutes took effect. (*Depeyster* v. *Clendining,* 8 *Paige,* 295. 26 *Wend.* 21.) Again; courts are bound so to construe a will as to make it legal and valid if possible, and consequently to reject a construction which would render it void, unless otherwise required by strict necessity. (*Mason* v. *Jones,* 2 *Barb.* 230. *Butler* v. *Butler,* 3 *Barb. Ch.* 304.) In order to arrive at the intention of the testator it is necessary to examine the whole will; but it should be borne in mind that the whole will is not necessarily before us for adjudication; only so much of it as is necessary to determine the question of the present application for partition.

In this action we have nothing to do with the disposition of the rents and profits; nor are we compelled to inquire after the proceeds of any sales made under any power contained in the will, or codicil. The only question before us is, to whom does the real estate in question belong, and shall partition of the same be made?

*First.* To whom does the real estate belong? A careful examination of the instrument will show that no devise of the real estate is therein made, except by the 6th clause, and the power of sale of certain portions of the estate given to

the executors by the codicil. This latter power does not reach the estate in controversy, nor in any respect affect the question under consideration. A trust is attempted to be created by the 7th and 8th clauses, but neither of these provisions affect the validity of the 6th clause; this last can stand if either or both the others are void. The 6th clause is in these words: "I give and bequeath all the rest and residue of my *real* and personal estate to the children of my said daughters Lydia Ann and Maria, to be equally divided between them as they respectively arrive at the age of 21 years." If the first part of this clause was read without any reference to the second, no question could arise as to the intent of the testator ; or where the legal estate vested, on his death. The language imports a present bequest. It is not devised upon condition, or in trust. It does not devise the estate "*if they*" or "*when they*" shall arrive at 21 years of age, but gives it by absolute, positive and unconditional terms, which on the death of the testator passed to the beneficiaries named a present estate in fee to the premises in question.

This construction is not inconsistent with the second part of the same clause. That part, at most, but suspends the division of the estate until the devisees respectively arrive at the age of 21 years. There is some doubt whether it even does that. The sentence contains no negative words, or words of prohibition, as in the case of *Converse* v. *Kellogg,* (7 *Barb.* 590 ;) but only words of command. There are not, technically, any words of limitation or suspension, in the 6th clause ; but on the contrary, a requirement that each of the children should receive his or her share or portion as they should respectively reach their majority.

The sixth clause then, speaking for the testator, is thus construed to say, "on my death I give to the children of my two daughters these two farms in fee as tenants in common. It may or may not remain undivided until they reach their majority, but if it do so remain, it is then to be divided equally between them as they respectively reach the age of 21 years."

Such a construction would not vitiate the will, nor render the sixth clause, or any part of it, void.

But suppose I am wrong in this last construction, and hold that this last sentence of the sixth clause suspends the division of the estate until the devisees respectively arrive at the age of 21 years; is such limitation or suspension void? And if void, does it destroy and render void the other parts of the same clause which makes the devise?

1. Is the suspension of the division of an estate devised in fee to more than two minors until they shall arrive at the age of 21 years, void under our law?

The counsel on both sides, in their points and arguments seem to concede that the direction that the division of the property should not be made until the devisees respectively attained their majority was void because it by possibility suspended the power of alienation for more than two lives in being at the time of the testator's death. And several authorities are cited by each, to sustain the proposition. I have carefully examined those authorities and they fail to satisfy me upon this point. In all those cases a trust estate was created and the power of alienation suspended, in fact, or by possibility, for more than two lives in being at the creation of the estate; while here, the title is given directly to the beneficiaries, and partition or division only suspended between the absolute owners. It by no means follows that the power of alienation is suspended, because the right of immediate partition and division is withheld. (7 *Paige's Rep.* 521. 7 *Barb.* 595.)

These devisees were tenants in common, and aside from their infancy, so far as I can discover, any one or more of them could have alienated his or their undivided interest in the premises in question, notwithstanding the limitation of division contained in the will. In this case had one of the devisees during his infancy required the proceeds of his interest in these premises for his support and maintenance, I have no

doubt his undivided interest might have been sold for that purpose by the order of the court.

From these premises my conclusions are that if the right of an immediate division of the estate is withheld by the will, such suspension does not vitiate that instrument, but that both parts of the sixth clause are consistent with each other, and the whole clause valid.

2. But suppose that the second part of the sixth clause is void, does it vitiate and render void the whole clause? It is well settled that if effect cannot consistently with the rules of law be given to an entire will, or entire provision of a will, any part of it may be sustained which is conformable to the rules of law, and which can be separated from the residue without doing violence to the testator's general intention. (7 *Barb.* 594. 14 *Wend.* 265. 16 *id.* 61. 22 *id.* 483. 24 *id.* 641.) Thus the devise of the estate, and the direction for distribution, can be separated, and the latter declared void without any violence to the testator's general intent; the general intent being to convey the estate and the suspension of division subordinate thereto. It is evident that the testator himself meant to distinguish between the vesting of an estate in the beneficiaries and the actual distribution of the property among them. The first part of the sixth clause therefore can stand, although the latter part be illegal and void. (7 *Barb.* 594. 1 *Barb. Ch.* 630. 5 *Mass. Rep.* 535. 2 *Ves.* 545. 7 *Met.* 363, 297.)

It is not necessary to pass upon the validity or invalidity of the seventh clause of the will, in the consideration of the question before us. If valid, the limitation of the trust has expired with the minority of the devisees; if invalid, it was never an obstacle to the distribution of the estate.

I also fully agree with the learned county judge, that the eighth clause of the will has no application to the premises in question, under the construction given to the sixth clause. Nor do I think the testator intended these premises should be broken in upon to effectuate the trust declared in that clause.

The proper construction of the codicil requires the executor to take out of the proceeds of the real estate therein authorized to be sold, so much as shall be necessary for the trust purpose of the will; the surplus to be divided among the children. The testator never contemplated that this fund would be insufficient to effectuate the trust; else he would not have disposed of the surplus. At all events, he never intended that the execution of the trust should prevent the devise of the premises in question to the children. If that clause is to be satisfied at all, it must be out of the funds and property in the hands of the trustees, arising out of exercise of the power contained in the codicil. Those powers are ample, if legal, and the property would seem abundant for all the purposes there declared.

The will being thus deemed valid and held sufficient to pass the estste to the devisees therein named, the next question to be determined is, who are those devisees. On one side it is contended that only those children can take who were in being at the testator's death, while on the other side it is ininsisted that it was the intention of the testator to let in after-born children equally with the others. The devise in this case is to the children of his two daughters, in general terms. They form a class, and when an estate is devised to a class of individuals it will take in those only who answer the description at the time the devise takes effect. (*Lenton* v. *Leger*, 2 *McCord's Ch.* 441.) Here the estate vested immediately on the death of the testator, and therefore only those children could take who were in being at the happening of that event. (1 *Barb.* 532.) The cases upon this point are all collected in Perkins' Notes, 3 *Brown's Ch Rep. p.* 404, and the above principle is there laid down as well settled law. In *Jenkins* v. *Freyer*, (4 *Paige*, 47,) it is said, " if the period of distribution is left indefinite, or if the gift be by words *per verba in presenti*, none but those born before the death of the testator can take."

From these premises my conclusions of law are,

1st. That the will vested in the devisees a present estate in fee in the premises in question.

2d. That there was neither in fact nor in law any suspension of division.

3d. That if there was suspension of division, such suspension did not prevent alienation, or avoid the will.

4th. That if the second part of the sixth clause in the will was void it could be separated from the other, and the valid part be permitted to stand.

5th. That the estate under the will vested immediately on the death of the testator, and that only those grandchildren in being at his death took an interest in the estate.

6th. That the validity of the sixth clause of the will, so far as the two lots in question are concerned, is not affected by the validity or invalidity of any other clause of the will or codicil.

The judgment of the county court must be affirmed with costs.

C. L. ALLEN, J., concurred.

BOCKES, J. dissented.

[SCHENECTADY GENERAL TERM, May 7, 1855. *C. L. Allen, James* and *Bockes,* Justices.]