67b 501
11ap343

## ELIZA A. LYNCH *vs.* CHARLES H. PENDERGAST and others.

The third provision of a will was so framed as (1,) to carry to the executors $44,000 " in trust to receive the income, issues and profits therefrom;" (2,) to "pay over the same semi-annually" from the death of the testator, to his wife, the plaintiff, for her support and maintenance for and during her life; and after her decease, the securities, so valued at $44,000, were given and bequeathed, viz., $10,000 to be held by the executors in trust, to pay over the income to the grandson James L., after the death of the wife, up to the time James L. should attain the age of twenty-one, and then, if the wife should have died prior to that time, the $10,000 principal was to be *paid* over to the grandson " for his own use and benefit." It also made a provision in effect similar to that made for James L., for the granddaughter, Eliza L., and she was to have the income thereof till she was twenty-one years of age, after the death of the widow, and then the principal, $10,000, was to be *paid* over to the said Eliza L., for her own use and benefit. The will also provided that in case either of the said grandchildren should die before the wife, the share of such deceased one should go to the survivor of such grandchildren. If both of the grandchildren died before the wife, then the $20,000 was, at her death, to be divided equally between the testator's children, Mary J., John and Louisa. It also gave to his children " the remaining $24,000 *herein set apart*, at the death of his (my) said wife, to be equally divided between them." By the 11th clause of the will, the testator directed his executors to *invest* the sums in his will "given to them in trust, in any good securities," and authorized them "to *change or vary* the investments and collect any of the securities held by him." By a codicil to said will, the life estate previously given to the wife was enlarged to an absolute estate in fee, "and to draw the income arising therefrom" as provided in the will; subject to the said provisions to the grandchildren; and the sum of $10,000, given to the grandchildren was directed not to be paid over to them until each should attain the age of twenty-five years.

*Held*, that by the will and codicil, construed together, the plaintiff took, (1,) The "absolute estate," or sole ownership, of $24,000 of the $44,000; or, in other words, a legacy of $24,000; (2,) And the right to the income of the other $20,000, to be *paid* to her by the executors during her life; (3,) The income so paid to her was hers absolutely, to hold to herself and her heirs.

*Held*, also, that the executors should keep in trust $20,000, invested in good securities, and pay the income to the plaintiff during her life; and in case she should die before the grandchildren named were twenty-five years of age, the income should be paid to them, or the survivor; and after that period should come, and such grandchildren should be twenty-five years of age, and the plaintiff should die, then the principal of the $20,000 should be paid to the grandchildren, or the survivor, as provided in the will.

A will and codicil are to be taken in their several parts, and read and construed together as one instrument.

It is the duty of the court to reconcile all the language employed by the testa-
tor, if possible; and to give such a construction as will carry it out and into
effect.

The intention derived from the language used is to be the polar star, to guide
in the construction to be given.

A CTION to obtain a construction of the last will and
codicils of James Lynch, deceased.

The facts stated in the complaint were substantially
admitted upon the trial.

The defendants appeared, and demanded a construc-
tion favorable to them respectively.

*Sedgwick, Kennedy & Tracy*, for the plaintiff.

*L. W. Hall, W. C. Ruger*, and *D. Pratt*, for the de-
fendants.

HARDIN, J.   The third provision of the will was so
framed as (1,) to convey to the executors $44,000 "in
trust to receive the income, issues and profits therefrom;"
(2,) to "pay over the same semi-annually" from the
death of the testator to the plaintiff, the wife of the testa-
tor, for her support and her maintenance for and during
her natural lifetime; and after the decease of the plain-
tiff, the wife, the securities, so valued at $44,000, were
given and bequeathed, viz. $10,000 to be held by the exec-
utors in trust, to pay over the income to the grandson,
James L. Pendergast, after the death of the wife, up to
the time the grandson should attain twenty-one years of
age, and then if the wife should have died prior to such
majority of the grandson, the $10,000 principal was to
be *paid* over to the grandson "for his own use and
benefit."

It also made a provision, in effect, similar to the one
stated to James L., for the granddaughter Eliza L. Pen-
dergast, and she was to have the income thereof till she
was twenty-one years of age, after the death of the

widow, and then the principal, $10,000, was to be *paid* over to the said Eliza L. for her own use and benefit.

The will also provided that in case either of the grand-children aforesaid died before the wife, the plaintiff, the share of such deceased one should go to the survivor of such grandchildren. If both of the grandchildren died before the wife, then the $20,000, at her death, was to be divided at the death of the wife equally between the testator's children, Mary J., John and Louisa. It also gave to his children "the remaining $24,000 *herein set apart* at the death of his (my) said wife," to be equally divided between them. It will be observed that the testator by the last words quoted alludes to the $24,000 as "set apart;" thus treating it as in some sense indepen-dent of the major sum; and as an independent portion of the whole $44,000.

So, too, by the 16th clause of the will, the testator directed his executors to *invest* the sums in his will "given to them in trust, in any good securities," and authorized them "*to change or vary* the investments and collect any of the securities held by him." This provision, with other portions of the will, suggests the idea that the testator contemplated the keeping of a fund of $44,000 to be disposed of under the will, both as to principal and income, as stated. The executors were clothed with the right of possession, the power of chang-ing and varying the securities. In the codicil of April 17, 1870, are found these words: "Third. Whereas, by the third item of my said will the estate therein left to my said wife Eliza is a life estate *only*, now this writing witnesseth that I desire the said estate to be an absolute estate in my said wife, and to draw the income arising therefrom as provided in said will, and I hereby give the same to my said wife, to have and to hold the same to her and her heirs forever; subject to the provision to my said grandchildren." In this same codicil, and just preceding this third provision quoted, are to be found

these words: "Second. Whereas by my said last will I directed $10,000 each to *be paid over* to my said grandchildren when they shall attain the age of twenty-one years; I hereby declare my will to be that the same shall not be paid over to my said grandchildren until each shall attain the age of twenty-five years."

These words are important, because found in the same codicil which is made the subject of discussion in this action.

They are to be read in connection with the words of the "third" item of the will, and the "third" item of the codicil, and full effect is to be given to them, if, consistently with a proper regard for all parts of the will and codicil, their meaning can be ascertained.

The will and codicils are to be taken in their every part and read and construed together as one instrument. (*Westcott* v. *Cady,* 5 *John. Ch.,* 334.) If the effect of the "third" item in the codicil should be held to be to carry the whole $44,000 absolutely to the plaintiff, subject only to the right of the grandchildren to call upon the estate of the widow after decease, then no effect could be given to the change made by the second clause of the codicil, unless a trustee should be appointed to hold the funds until the grandchildren should attain twenty-five years of age; in the event of the death of the mother before the grandchildren reached twenty-five years of age.

The "second" item of the codicil favors the idea that the testator's intention was, at the time the codicil was drawn, to keep up the provision in respect to the grandchildren, found in the will; that the *"provision"* in the will, made for them, should be modified, to the extent of further postponing the period when they might receive the principal from the executors or trustees.

So, too, the words in the third item of the codicil, "and to draw the income arising therefrom as provided in said will," suggest that the intention was to allow the

widow to have the income of that portion of the $44,000 not "set apart" to her, to wit, the $20,000. If these words, "and to draw the income arising therefrom as provided in said will," were not followed by other words, to wit, "and I hereby give the same to my said wife, to have and to hold," &c., there would not be quite so much strength in this view. But it is obvious no such words were needed, to follow an absolute estate.

If the intent was to give her an absolute estate in the whole $44,000, why use the words, "and to draw the income arising therefrom as provided in said will?" Why add "and I hereby give the same to my said wife?" The words, "I desire the said estate to be an absolute estate in my said wife," would have been ample and effectual to carry out the whole intent, if that had been the sole object or the object of the testator. The words, "and to draw the income arising therefrom as provided in said will," do not seem appropriate, or used, for the purpose of conferring upon her the power to draw the income upon the specific securities. If she took an absolute estate in the whole $44,000, that would give her power to draw the income of any securities. There would be little use of being authorized "to draw," "as provided in said will."

But the words found at the close of the third item of the codicil must have full effect given to them; and they relate to and qualify the anterior expressions of that whole third item.

The testator having "set apart" $24,000, for his wife, and having authorized her to have only the income thereof during life, conceived an intention to give and bequeath to her the "absolute estate" therein, and to authorize her to draw the income upon the other $20,000, and to have that income absolutely during her life, keeping the principal of the $20,000 intact for the grandchildren. He therefore changed the period when, if they survived the grandmother, they could come to the

Lynch *v.* Pendergast.

possession of the principal, and extended it from the age of twenty-one years to the age of twenty-five years.

This view of the will and codicil does seem to give effect to all the language employed by the testator; and such construction as carries out and into effect all the language used must be adopted.

It is the duty of the court to reconcile all the language found, if possible. (27 *Barb.*, 431. *Theological Sem. of Auburn* v. *Kellogg*, 16 *N. Y.*, 83.) And the intention derived from the language used is to be the polar star, to guide in the construction to be given. (6 *Peters*, 68. 5 *Paige*, 318. 27 *Barb.*, 431. 9 *Paige*, 521.)

The plaintiff takes, (1,) the "absolute estate," or sole ownership of $24,000 of the $44,000; or, in other words, a legacy of $24,000; (2,) and the right to the income of the other $20,000 to be *paid* to her by the executors during her life; (3,) the income so paid to her is hers absolutely, to hold to herself and her heirs. And the executors should keep in trust $20,000 invested in good securities and pay the income to the plaintiff during her life, and in case she dies before the grandchildren aforesaid are twenty-five years of age, then the income should be paid to them, or the survivor, and after that period shall come and the grandchildren shall be twenty-five years of age, and the plaintiff dies, then the principal of the $20,000 should be paid to the grandchildren, or the survivor, as provided in the will.

Judgment accordingly.

[ONONDAGA SPECIAL TERM, December 7, 1874. *Hardin,* Justice.]