JOHN L. SUTHERLAND AND FRANCIS S. CLARK, EXECU-
TORS, ETC., OF LOT C. CLARK, DECEASED, RESPONDENTS, v.
FRANCES A. GESNER, APPELLANT, IMPLEADED, ETC.

*Will by which a testator devises a house to his wife (who then has the title) directing
payment of a mortgage " provided the title is in me" — construction of it.*

The will of the plaintiff's testator, which was executed on the 27th day of Febru-
ary, 1877, contained the following clause: "I devise the house and lot No.
thirty (30) West Seventeenth street, in the city of New York, to my beloved
wife Frances Sutherland Clark, her heirs and assigns forever, and I authorize
my executors to pay off any mortgage or other incumbrances there may be on
said house and lot, at my death, provided the title is in me." In February,
1874, the testator had purchased the house in the name of his wife, and caused
it to be conveyed to her. Fifteen thousand dollars was paid in cash, and the
property was taken subject to a mortgage for $20,000. The wife continued to
own the house, and the same was used as a family residence until the testator's
death, in February, 1880. The testator paid the interest upon the mortgage
and $5,000 of the principal, and in April, 1879, gave his personal guaranty for
the payment of the balance, with interest thereon at six per cent.

*Held*, that it was the intention of the testator that the executors should pay off
the mortgage upon the house, if the title thereto was, at the time of his death,
in either himself or his wife.

That the words "provided the title is in me" were intended to qualify the devise
of the house to his wife and not to affect the obligation of the executors to pay
the mortgage thereon.

APPEAL from a judgment in favor of the plaintiffs, entered on the
trial of this action at the Special Term

*Douglas Campbell*, for F. A. Gesner, the appellant.

*John N. Whiting*, for the respondent Frances S. Clark.

*Adrian Van Sinderin* and *S. P. Nash*, for the plaintiffs and
respondents.

DANIELS, J.:

The purpose of this action was to obtain a construction of the
eighth clause of the will of Lott C. Clark, which was executed on
the 27th of February, 1877. This clause is as follows:

"I devise the house and lot No. thirty (30) West Seventeenth

street, in the city of New York, to my beloved wife, Frances Sutherland Clark, her heirs and assigns forever, and I authorize my executors to pay off any mortgage or other incumbrances there may be on said house and lot, at my death, provided the title is in me."

Before the execution of this will, and on the 2d of February, 1874, the testator had entered into an agreement for the purchase, in the name of his wife, of this property, for the sum of $35,000. Of this amount $15,000 was payable in money and the remaining $20,000 by assuming the payment of a mortgage for that sum then upon the property.

On the fifth of February a deed was obtained from the vendor in the contract by the testator, by which the property was conveyed to his wife, subject to the payment of this mortgage, and the title continued to be vested in her under that deed up to and including the time of the decease of the testator, which took place on the 11th of February, in the year 1880. After this title was obtained the premises seem to have been occupied as a family residence, and during that time the testator paid the interest upon this mortgage, and also reduced it to the sum of $15,000 by a payment of the $5,000 on the principal. And on the 19th of April, 1879, less than one year preceding the time of his own decease, he entered into a personal guaranty for the payment of the principal of $15,000 then remaining secured by the mortgage, and interest upon it at the rate of six per cent. The controverted point in the case is, whether, under these circumstances, the executors became bound under this direction contained in the testator's will to pay off this mortgage, although the title to the property was not in him at the time of his own decease. The literal reading of this clause of the will as it was written and framed by the testator himself will not create such an obligation. But in the construction of wills such a reading is not required to be adhered to, when the result would be to defeat the design of the testator.

To ascertain that design the court is required to place itself as nearly as that may be done in the position of the testator, and then to determine in view of the attendant circumstances so far as that may be indicated, what he designed by the controverted clause contained in his will. His language should have the construction which

it is reasonable to presume from the circumstances the testator intended it to receive. (1 Redf. on Wills [4th ed.], 497; Id., 503; Prop. 5 id., 433.)

The intention of the testator is the governing consideration, and a phrase or clause made use of by him may be transposed and the grammatical structure of his sentence changed to carry that intention into execution when it may be fairly discovered by the construction of the will, as that may be indicated to be proper, by the circumstances under which it was made and the language used that is contained in it. (*Lynch* v. *Pendergast*, 67 Barb., 501; *Lamb* v. *Lamb*, 11 *Pick.*, 375; *Delaney* v. *Van Aulen*, 84 N. Y., 16; *Lytle* v. *Beveridge*, 58 N. Y., 592, 598.)

The leading and controlling intention of the testator evidently was, that his wife should have this property free from incumbrances, and the circumstance that he himself did not possess the legal title to it, either at the time when his will was made or at that of his own decease, could not have been a material fact in the way of the execution of this intention. It clearly could not have been of the slightest importance to the testator whether his wife continued to hold the title to the property under the deed obtained by him for her, or whether she acquired it under this clause in the will. The important circumstance was that the title became vested in her through his interposition and that would render its protection an object of equal solicitude on his part as though it had been devised literally under this clause of the will. No reason could possibly exist for relieving her title by the payment of the mortgage by his executors in case of its formal devise under this clause of the will, that would not equally induce the same result when the title had been obtained by him for her by means of a preceding formal conveyance. A construction of this clause proceeding upon such a distinction would be a sacrifice of substance to a mere matter of form. It would be trifling with the testator's beneficence, for he certainly could not have intended to provide for the payment of this mortgage by his executors in case the title to the property was in him, and to deny it in case the title by his act had already become vested in his wife, as it in fact was at the time when this language was made use of He himself must have known that such was the state of the title,

and that it could only pass to his wife under his will in the event of a possible conveyance of it afterwards by her to him; and it could not have been his design to render this obligation of his executors dependent upon so remote and uncertain a contingency. The circumstances under which the will was executed were strikingly at variance with such a construction, and they are sufficient to preclude its adoption if any other reasonable arrangement can be given to his language. And that it may be so changed without violating the terms made use of is reasonably apparent from the clause itself. For the truth probably is that the proviso by which this clause was concluded was placed in that position by a misapprehension of its effect on the part of the testator. It is much more probable that he intended it as a qualification of the devise itself than of the obligation imposed upon the executors to pay off the mortgage; and to make that qualification he probably added it after the residue of the clause had been framed, for his disposition as well as his duty to provide for the payment of the mortgage would be precisely the same, whether the devise itself should formally take effect or it should fail by reason of the circumstances that the testator had previously accomplished the same result by securing the conveyance of the title to the property to his wife. By giving this construction to the clause it is rendered reasonable and consistent, while to make the direction given to the executors dependent upon the proviso would substantially render it absurd. The manifest design of the testator requires this clause of the will to be so read as to give the house and lot by means of it to his wife, provided the title should be in him. That will secure full and complete effect to the proviso, for the devise itself was necessarily contingent for its effect upon that circumstance, and that will leave the direction for payment unqualified and dependent only upon the circumstance that his wife continued to own the title which he had obtained for her. It is very probable from the manner in which this clause was written that the idea of adding the proviso at all arose in the mind of the testator after what had preceded it had been completed, and that he placed it where he did believing that it would qualify the devise as effectually as though it had followed the language providing for it, and still to allow the direction for the payment of the mortgage to be unqualifiedly observed in behalf of his wife by the executors.

To adopt any other or different construction would manifestly defeat a bounty intended for his wife, and it would be in direct hostility to the intention by which his conduct appeared to be governed in the acquisition and perpetuation of the title' to this property in his wife, both before and after the will was made, as that was evinced by the circumstances, nearly to the period of his own decease. From these considerations it is clear that the construction given to this direction by the judgment in the case by which the executors are required to pay off this mortgage, notwithstanding the fact that the title to the property never was vested in the testator, was correct and it should therefore be affirmed.

DAVIS, P. J., concurred.

Present — DAVIS, P. J., and DANIELS, J.

Judgment affirmed.