In re MILLER'S WILL.

(Supreme Court, Appellate Division, Third Department. December 2, 1896.)

1. WILLS—LIMITATION—CONSTRUCTION.
   A limitation in a will that if testator's daughter, to whom he devised a fee, should die without issue before reaching the age of 21, the property should go to other persons, is as clear as the language of the devise, and therefore is not void for repugnancy.

2. SAME—IN CASE OF DEATH—MEANING.
   In a devise in fee to testator's daughter, "upon condition, however, that in case of the death of my said daughter prior to her attaining the age of twenty-one years, or without issue her surviving," then to others, the death referred to is death either before or after testator's own.

3. SAME—DEATH OF PRIMARY LEGATEE—RIGHT OF SUBSTITUTED LEGATEE.
   Where a will contained a devise in fee to testator's daughter, followed by a limitation that, in case of her death without issue before the age of 21, the property should pass to others, and the daughter died without issue before testator, and testator, after her death, added a codicil concerning only the method of his burial, the republication of the will by adding the codicil made the substituted devisees primary devisees.

Appeal from surrogate's court, Saratoga county.

Proceeding by Warren F. Darrow and Annie Darrow, executor and executrix of the will of Benjamin F. Miller, deceased, for the probate of the will. From a decree construing the will, the executor, executrix, and legatees appeal. Reversed.

The will was executed on the 30th day of November, 1892, and the material provisions thereof are as follows: "After all my lawful debts are paid, I give, devise, and bequeath all of my estate, both real and personal, to my daughter, Lucy Schallehn Miller, to her and her heirs and assigns, forever. Also, for the better education, support, and maintenance of my said daughter, I do give and dispose of the tuition, care, custody, and control of her unto my executors, hereinafter named, or to the survivor of them, for such time as my daughter shall remain unmarried and under the age of one and twenty years. Also, I do hereby authorize, empower, and direct my said executors, or the survivor of them, from and after my decease, until the aforesaid daughter, Lucy Schallehn Miller, shall marry or attain the age of one and twenty years, to manage and improve the estate and fortune of my said daughter, by me hereby given to her, for her use and benefit, and to lease or bargain, sell and alien in fee simple, all my lands; for the doing and executing whereof I do, by these presents, give to my said executors full power and authority to grant, alien, bargain, sell, convey, and assure all the said lands to any person or persons and their heirs, forever, in fee simple, by all and every such lawful ways and means in the law as to my said executors shall seem fit or necessary: and I hereby commit the guardianship of my said daughter, until she shall marry or attain the age of one and twenty years, unto my said executors, or the survivor of them. Upon condition, however, that in case of the death of my said daughter prior to her attaining the age of twenty-one years, or without issue her surviving, then and in that case I devise and bequeath the whole of the residue of my said estate then in the hands of my said executors to Anna Darrow, wife of Warren F. Darrow, and

to their daughter, Edith Darrow, share and share alike, or, in case of the prior death of either of them, the whole thereof to the survivor of them, to them, their heirs and assigns, forever."

Lucy Schallehn Miller, the daughter of testator, died May 7, 1893, aged less than one year. The testator died December 4, 1895. On November 29, 1895, he executed a codicil to his will, of which the following is a copy:

"I, Benjamin F. Miller, do make and declare this my codicil to my last will and testament, that is to say: Whereas, I did, on the ——— day of ———, make, publish, and declare my last will and testament, now I do further dispose as follows, to wit: I direct that at my decease my remains be committed to the custody and control of Washington Commandery, No. 33, Knights Templar, for interment, and buried according to the rites, customs, and usages of said commandery, of which I am a member. Signed, made, published, and declared this twenty-ninth day of November, 1895.                   Benjamin F. Miller. [L. S.]"

Upon the probate, the respondents, the only heirs at law and next of kin of the deceased, appeared, and claimed that the bequests to Anna and Edith Darrow were void and of no effect, and that they (said respondents) were entitled to receive the personal estate of the said deceased. The surrogate so held, and from his decree thus construing the will in question this appeal is taken.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM and MERWIN, JJ.

J. W. Houghton, for appellants.

John L. Henning, for Mary A. Winship and special guardian for Mary B. Winship.

Charles H. Sturges, for respondent Flora S. Miller.

PUTNAM, J. The respondents rely upon the well-established doctrine that "an estate in fee, created by a will, cannot be cut down or limited by a subsequent clause, unless it is as clear and decisive as the language of the clause which devises the estate." Byrnes v. Stilwell, 103 N. Y. 453, 9 N. E. 241; Benson v. Corbin, 145 N. Y. 351, 40 N. E. 11; Washbon v. Cope, 144 N. Y. 287, 39 N. E. 388; Roseboom v. Roseboom, 81 N. Y. 356. As in the will under consideration there was a devise in fee to the daughter of the testator, they insist that the subsequent clause of the will by which the testator attempted to bequeath the property to Anna and Edith Darrow in case of the death of his daughter before she attained the age of 21 years, without issue her surviving, is void for repugnancy. We are of opinion that the principle invoked by the respondents does not apply in this case, for the reason that the clause of the will which devises the property of the testator to Anna and Edith Darrow, in case of the death of his daughter before attaining the age of 21 years, without issue, is as clear as the clause which bequeaths the estate to her. The will first gives the estate to his daughter, and then provides as follows, viz.:

"Upon condition, however, that in case of the death of my said daughter prior to her attaining the age of 21 years, or without issue her surviving, then and in that case I devise and bequeath the whole of the residue of my said estate then in the hands of my said executors to Anna Darrow, wife of Warren F. Darrow, and to their daughter Edith Darrow, share and share alike."

There is no ambiguity or uncertainty about this provision. The intent of the testator is clear that, in case of the death of his daughter without issue, the appellants Darrow shall take the estate. Hence there is no repugnancy in the bequest to the daughter and the

devise over to Anna and Edith Darrow in case of her death under 21 years, without issue.

As said by Denio, J., in Norris v. Beyea, 13 N. Y. 273–284:

"There is, in truth, no repugnancy in a general bequest or devise to one person, in language which would ordinarily convey the whole estate, and a subsequent provision that, upon a contingent event, the estate thus given should be diverted and go over to another person. The latter clause in such cases limits and controls the former; and, when they are read together, it is apparent that the general terms which ordinarily convey the whole property are to be understood in a qualified, and not an absolute, sense."

Many cases might be referred to where devises of an estate in language which would ordinarily convey the fee, with a provision that, upon the death of said devisee, the estate should go to another, are held valid. Thus, in Avery v. Everett, 110 N. Y. 317, 18 N. E. 148, the will there passed upon devised to testator's son, after the life estate of his wife, an estate in language sufficient to carry the fee, but, in case of the death of the son without children, provided that the property should go to a nephew. It was held that the son took a vested remainder in fee, subject to be defeated by his death without children, upon which event the substituted remainder would vest. In the will passed upon in Re New York, L. & W. Ry. Co., 105 N. Y. 89, 11 N. E. 492, the testator devised his estate to his daughter. The language used was: "I give, devise, and bequeath to my beloved daughter, Minnie Wisner, all my real and personal property, of every name and nature." The will provided that, in case of the death of the daughter without issue, the estate should go to other parties. It was held that the daughter took a base or conditional fee, defeasible by her dying without issue living at the time of her death. In the will considered in Vanderzee v. Slingerland, 103 N. Y. 47, 8 N. E. 247, the testator devised his real estate to his son, but provided that, if the latter should die without issue, the estate should go to other parties. It was held that the son took a conditional fee, and the other parties named a conditional interest, which, upon the death of the son without issue, was converted into a fee. In each of the wills passed upon in the cases cited the language of the devise to the primary devisee was sufficient to pass an estate in fee, and it was necessarily determined that such a devise was not repugnant to the subsequent provision contained in said wills, that, in case of the death of said primary devisee, the estate thus given should go to another person or persons.

In construing the will under consideration, it cannot be doubted that the testator's intent was that his property should go to his daughter, and if she died under the age of 21 years, without issue, to the appellants Darrow. He evidently did not intend that his property should descend to his heirs and next of kin. To carry out the evident intent of testator, the language of a will should be liberally construed, and should not "be subject to astute criticism or literal interpretation." Although the testator, in making the will in question, evidently had in mind the probability that his daughter would survive him, yet to effectuate his evident intention that his property should go to his daughter, and on her death with-

out issue to the appellants, we think the death referred to in the last clause of the will in question should be deemed to mean a death either before or after his own. In McLean. v. Freeman, 70 N. Y. 81, a similar clause was thus construed. See, also, Wager v. Wager, 96 N. Y. 164; Norris v. Beyea, 13 N. Y. 273; Downing v. Marshall, 23 N. Y. 366; May's Appeal, 41 Pa. St. 512; Mowatt v. Carow, 7 Paige, 328.

It is true that the language of the last clause of the will in question shows that deceased had in his mind the probable survival of his daughter, and, on a literal reading of the will, it might be deemed that her death therein referred to was a death subsequent to his own.

In the opinion of Allen, J., in McLean v. Freeman, 70 N. Y. 87, it is said:

"It must be conceded that, in framing the tenth clause of the will, the testator had in mind the probable survivorship of his sons William and Alexander; and the primary object of the limitation over, upon a literal reading of the will, was to provide for their death after, by his own death, the will should have taken effect, and the trust estate vested in the trustees. The third clause of the codicil is ingrafted upon and made a part of the tenth clause of the will, and the language of both is based upon the same calculation of the continuance of the lives of the first beneficiaries beyond that of the testator. The phraseology of the provision applies primarily and obviously to that contingency, but it is not necessarily repugnant to a more enlarged and reasonable interpretation, and as providing for a lapse or failure of the first gift ab initio."

The doctrine thus stated applies to this case. No such power of disposition of the estate was given by the testator to his daughter, or to his executors for her benefit, as renders the bequest over void for repugnancy. The testator does not give to his daughter the absolute power to dispose of the estate. It contains no authority for her to bequeath it by will. It neither gives to her, nor to his executors for her benefit, power to use the principal of the estate. It is true that, in the bequest over to the appellants, he devised the residue of the estate then in the hands of his executors to the appellants; but the use of the word "residue" does not of itself confer on the executors power to dispose of the principal of the estate. In McLean v. Freeman, supra, there was a similar clause in the will there considered, and the devise over was held valid. So, in Avery v. Everett, supra, the bequest after the death of the primary devisee was "of what remained."

The result above arrived at carries out the evident intent of the testator that his property should go to his daughter, and in case of her death before attaining the age of 21 years, without issue, to the appellants Darrow. The execution of the codicil to the will, long after the death of his daughter, emphasizes such intent. When that codicil was executed, his daughter being dead, the only provision in the will, save as to the appointment of executors, was that which gave the estate to the appellants. It is a well-settled principle that a will and codicil are to be considered together as one instrument; that a codicil duly executed, referring to a will, is a republication thereof, and the effect of such a republication is to bring down the will to the date of the codicil. Rice, Am. Prob.

Law, 134, 135; Van Cortlandt v. Kip, 1 Hill, 590; Brown v. Clark, 77 N. Y. 369–377; Lynch v. Pendergast, 67 Barb. 501; Howland v. Theological Seminary, 5 N. Y. 193, 194; Van Alstyne v. Van Alstyne, 28 N. Y. 375. A republication of the will by the testator after his daughter's death, the only valid clause therein at the time being the provision in favor of the appellants, indicates his intent that his estate should go to them.

The decree, so far as appealed from, should be reversed, and a decree entered settling the rights of the parties in pursuance of this opinion, with costs to the appellants. All concur.